FORT WORTH & RIO GRANDE RAILWAY COMPANY v.
G. T. AND G. W. GREER.

Decided June 21, 1902.

1.—Railway Company—Blowing Whistle at Street Crossing—Negligence—Statute Construed.

The article of the statute requiring the whistle to be blown at least eighty rods from a street crossing does not apply where the engine starts from a point less than eighty rods distant from such crossing, and it was error to charge, under such circumstances, that a failure to blow the whistle in approaching the crossing was negligence per se.  Rev. Stats., art. 4507.

2.—Same—Contributory Negligence—Charge.

Although the charge submits, in general terms, the issue of contributory negligence, yet where a phase of such negligence is specially pleaded and finds support in the evidence, a special charge thereon should be given if requested and correctly expressed.

Appeal from Parker.  Tried below before Hon. J. W. Patterson.

*West, Chapman & West,* for appellant.

*H. W. Kuteman* and *McLean, Booth & Morton,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The case is thus succinctly and sufficiently stated in the brief of appellant:  "Plaintiffs, G. T. and G. W. Greer, father and son, while traveling in a wagon along Adams street, in the city of Fort Worth, had their wagon and team struck by the tender of an engine on defendant's line of railway, at what is known

as the Adams street crossing, thereby throwing plaintiffs to the ground and inflicting injuries on them, destroying the wagon and injuring the team, for which each brought suit, alleging as grounds for recovery failure to ring bell or sound whistle, failure of servants in charge of engine to keep lookout; failure to have watchman give warning. Defendant answered by general denial and plea of contributory negligence. The cases were consolidated; trial had, resulting in a verdict and judgment for G. T. Greer for $2000 and for Guy W. Greer for $3000."

The court charged the jury that it was the duty of the person in charge of the train to blow a whistle and to ring a bell before crossing Adams street, and that appellant would be liable if, without fault or negligence on the part of appellee, the failure to blow the whistle or to ring the bell caused the collision. To this charge the first error is assigned on the ground that the statute requiring a whistle to be blown at a public crossing is inapplicable to a case like this, where the train was less than eighty rods from the crossing when it started towards the crossing in support of which the case of Railway v. O'Neil, 47 Southwestern Reporter, 95, 91 Texas, 671, is cited, in which the judgment was reversed because the statute (article 4507) requiring the whistle to be blown "at the distance of at least eighty rods from the place where the railroad shall cross any public road or street" had been construed in the charge of the court as "requiring the whistle to be blown at some point nearer than eighty rods of the crossing." After quoting the statute Justice Denman uses this language: "In order to comply with the statute, the whistle must be blown for the crossing before passing the point eighty rods distant therefrom. The language, 'at the distance of at least eighty rods,' is not susceptible of any other construction. The blowing of the whistle after passing such point is not demanded by the letter of the statute, which only requires the continuous ringing of the bell thereafter." After discussing the reasons why the whistle should be blown, he concludes with this language: "It results that, in order to comply with the statute, the whistle must be blown at some point sufficiently near the crossing as to be reasonably calculated to give warning to people about to use such crossing, such point not to be nearer to such crossing than eighty rods."

The construction thus authoritatively given the statute seems to sustain appellant's contention and is binding upon us. Evidently the Legislature did not intend to require the whistle to be blown at a distance of eighty rods or more from the crossing and also at a distance of less than eighty rods from the crossing, but required one or the other to be done, and, as construed by the Supreme Court, only the former. It was therefore erroneous to instruct the jury, as was in effect done in this case, that it was negligence per se to fail to blow the whistle at a less distance than eighty rods of the crossing.

Appellees, however, place a different construction upon the decision in the O'Neil case, and insist that the charge complained of was war-

ranted by the decision of this court in Railway v. Laverty, 22 South-western Reporter, 1047, and of the Supreme Court in Railway v. Bailey, 83 Texas, 19. We have examined the record in the Laverty case and find no error was assigned to the charge upon the ground urged by appellant in this case. Besides, the charge in the Laverty case did not impose upon the railway company, as did the charge in this case, the duty of both ringing the bell and blowing the whistle, but made it liable for backing the train upon Laverty without doing either. In the Bailey case the judgment was reversed upon another ground, and what was said by Judge Garrett with reference to the duty of the railway company to give signals at public crossings can hardly be treated as authoritative, if altogether in point, which we doubt.

We are also inclined to the opinion that the charge complained of in the second assignment of error was erroneous in submitting as a measure of recovery the reasonable value of the services of physicians, since we must hold, on the authority of Warren v. Railway, 90 Texas, 566, that the evidence did not raise that issue.

The court submitted the issue of contributory negligence in general terms, and was not required to give special charges 4 and 6 on that subject, to the refusal of which error is assigned, because both seem to have been upon the weight of the evidence, or at least were so expressed as to be objectionable. We think, however, that appellant would have been entitled to a specific charge embodying the phase of contributory negligence specially pleaded and which the evidence tended to sustain, if a correct one had been requested. Railway v. Scheider, 30 S. W. Rep., 906; Railway v. McGlamory, 35 S. W. Rep., 1058; Railway v. Mangham, 4 Texas Ct. Rep., 682.

For the errors pointed out in the first and second assignments of error, the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*