Houston & Texas Central Railway Company v. Ross O'Neal.

No. 669.—Decided May 9, 1898.

**1. Railway—Crossing—Signals.**
Rev. Stats., art. 4507, requires that the whistle must be blown, in approaching a road crossing, at some point sufficiently near the crossing to be reasonably calculated to give warning to persons about to use same,—such point not to be nearer to such crossing than eighty rods. (P. 672.)

**2. Same—Charge.**
A charge requiring that the defendant company shall blow the whistle "when within eighty rods from the crossing" is erroneous. (P. 672.)

**3. Crossing—Contributory Negligence—Burden of Proof.**
In case of collision at a road crossing the burden is upon defendant to prove contributory negligence of plaintiff, though the petition alleged that he was free from contributory negligence. (P. 672.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Navarro County.

*Frost, Neblett & Blanding,* for plaintiff in error.—The burden of proof was on plaintiff, to show under his pleadings that defendant was guilty of negligence, and that he was free from contributory negligence. Plaintiff in his pleadings charged that defendant was guilty of negligence, and that he was free from contributory negligence. Defendant requested a special charge, that the burden of proof was upon plaintiff to show that he was free from contributory negligence. The charge requested was refused and the court charged that the burden of proof was on defendant. Railway v. Foreman, 73 Texas, 311.

The statute requires the whistle sounded, at least 80 rods from the crossing and not within 80 rods of the crossing, and if, in this instance, the whistle was sounded at a greater distance than 80 rods from the crossing and the bell rang from such a point to the crossing, the law was complied with, and the jury should have been so instructed. Rev. Stats., art. 4507.

*Croft & Croft,* for defendant in error, cited: Railway v. Spicker, 61 Texas, 427; Sayles' Stats., Supp., art. 4232; Dalweigh v. Railway, 42 S. W. Rep., 1009; Railway v. Sheider, 30 S. W. Rep., 902.

DENMAN, Associate Justice.—O'Neal sued the Company to recover damages for injuries alleged to have been negligently inflicted

upon him by it in a collision between him and one of its engines at a crossing of the railroad and a public road. The petition charged that the injury was occasioned by the negligence of the Company in failing "to ring the bell upon said engine and blow the whistle while coming to said crossing as required by law to do." From the evidence the jury might have found either that the whistle was not blown, or that it was only blown after it passed a point eighty rods from the crossing, or that it was only blown before it passed such point. The Company by its evidence sought to establish the last proposition. The court charged the jury that "the law requires that persons running railroad engines shall, when within 80 rods of a public highway crossing, of the railroad, blow the whistle and begin to ring the bell on the engine, and continue to ring the bell until the crossing has been passed, and if the persons in charge of the engine in this case failed to so blow the whistle and ring the bell of said engine they were guilty of negligence." The Court of Civil Appeals having affirmed the judgment against the Company, it has brought the case to this court, complaining that the Court of Civil Appeals erred in holding that said charge was not erroneous.

Revised Statutes, article 4507, provides that "the whistle shall be blown and the bell rung at the distance of at least eighty rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road or stopped." In order to comply with this statute the whistle must be blown for the crossing before passing the point eighty rods distant therefrom. The language "at the distance of at least eighty rods" is not susceptible of any other construction. The blowing of the whistle after passing such point is not demanded by the letter of the statute, which only requires the continuous ringing of the bell thereafter. The reason for requiring the whistle to be blown before passing that point was to give at least that much warning from an instrument that could be heard a long distance. While the statute does not in terms fix the distance from the crossing at which the whistle must be blown otherwise than to direct that it shall be done before passing such point, its spirit clearly requires it to be blown so near that under all the circumstances it would be reasonably calculated to warn persons about to use the crossing. It results, that, in order to comply with the statute, the whistle must be blown at some point sufficiently near the crossing to be reasonably calculated to give warning to persons about to use same, such point not to be nearer to such crossing than eighty rods. The charge above quoted was erroneous in that it construed the statute as requiring the whistle to be blown at some point nearer than eighty rods to the crossing. For this the judgments will be reversed and the cause remanded. The other errors assigned here are without merit.

*Reversed and remanded.*