### Fort Worth & Rio Grande Railway Company v. G. T. & Guy W. Greer.

#### Decided June 6, 1903.

**1.—Railroads—Signals at Crossing.**

The statute requiring that the whistle shall be blown and the bell rung at the distance of at least eighty rods from a public crossing and the bell kept ringing until the crossing is passed, requires that the bell be rung although the train starts from a point within less than eighty rods of the crossing.

**2.—Market Value—Charge—Harmless Error.**

Where no difference was shown in the evidence between the value and the market value of the property injured by an engine through a collision therewith, a failure of the charge to employ the term "market value" in defining the measure of damages was not reversible error.

**3.—Negligence—Joint Parties—Charge—Harmless Error.**

Where the charge instructed the jury to find against the plaintiff whose negligence contributed to his injury, its failure to instruct—the evidence showing that both plaintiffs were traveling together at the time of the collision with their vehicle—that the negligence of either should be imputed to the other, if error, was rendered harmless by the fact that the jury, in finding a verdict for each plaintiff under the charge given, must have found that neither was guilty of negligence.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

*West, Chapman & West,* for appellant.

*McLean, Booth & Morton,* for appellees.

STEPHENS, Associate Justice.—For a statement of the case see the opinion on former appeal. 29 Texas Civ. App., 561, 5 Texas Ct. Rep., 541; 69 S. W. Rep., 421.

The train which collided with the wagon in which appellees were riding along Adams Street in Fort Worth was less than eighty rods from the crossing when it started, and it is therefore contended that article 4507 of the Revised Statutes was wholly inapplicable to this case. It was held on the former appeal that this article did not require the whistle to be blown within eighty rods of the crossing, but it does, we think, require the bell to be rung in such case, and this construction seems to have been sanctioned by the Supreme Court in Missouri K. & T. Ry. Co. v. Magee, 92 Texas, 620, 50 S. W. Rep., 1014. The court did not, therefore, err on the last trial, as assigned, in so charging the jury.

In submitting the measure of damages as to the wagon and team the court instructed the jury to allow the value of the property destroyed, and the difference in value before and after the collision of the property injured, and because the usual terms "market value" were not employed, error is assigned to the charge. Nothing was said by the witnesses as to the market value, but the owner of the property was allowed, without objection, to state in general terms the value of the wagon and harness destroyed and the reduction in value of the team injured, and there seems to have been no controversy on this point. If there was any difference between value and market value, it should have been developed on the trial below, and it is too late now to raise such an issue.

The improper use of "and" in the fifth paragraph of the charge has apparently led counsel for appellant into an erroneous construction of that paragraph, as will be seen from the fourth assignment of error; but as the use of this word was evidently due to inadvertence, as is apparent from the context and the third paragraph, we hardly think it could have misled the jury.

The objection to the fourth and seventh paragraphs on account of the use of the word "contributed" is equally untenable.

The seventh paragraph is further objected to on the ground that it instructed the jury to find against the plaintiff, whose negligence contributed to his injury, and error is assigned to the refusal of the fifth special charge—which, hoewver, was not requested till the jury had retired to make up their verdict—on substantially the same ground, the contention being that, as both plaintiffs were traveling together, the negligence of either should be imputed to the other. It is a sufficient answer to this contention that the jury, under the charge given, in finding a verdict for each of them, must have found that neither of them was guilty of negligence.

No complaint is made of the insufficiency of the evidence to sustain the verdict in any respect, and, as the foregoing conclusions dispose of all the assignments of error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.