Gulf, Colorado & Santa Fe Railway Company v.
Chas. Hall and C. B. Hall.

Decided February 17, 1904.

**1.—Railway—Injury to Child at Crossing.**

Verdict for recovery of damages for injury to child at a railway crossing sustained on negligence in backing train without warning.

**2.—Contributory Negligence—Burden of Proof.**

A charge placing the burden of proving contributory negligence on the defendant in case of a child injured by backing a train over a street crossing, held proper.

**3.—Contributory Negligence—Getting on Cars—Charge.**

A requested charge was improper which held a child injured at a street crossing by a train to be guilty of contributory negligence if he intended to get on the moving cars, without reference to whether he actually attempted to do so.

**4.—Evidence—Declarations—Res Gestae.**

A declaration of an injured party constituting res gestae may be proved by the party making it.

**5.—Deposition—Leading Question.**

Leading questions may be permitted in a deposition, for the purpose of directing attention of a witness to matters forgotten by him, by reference to his previous statements.

**6.—Crossing—Signals—Bell and Whistle.**

The statute does not require the use of the whistle signal before backing a train over a crossing distant less than eighty rods, and it was error to charge that the omission so to do was negligence; but otherwise as to the signal by bell, which was required, in such case, to be rung till the crossing was passed or the train stopped.

**7.—Same—Question of Fact.**

Though the whistle signal was not, as matter of law, required by the statute before backing a train over a crossing less than eighty rods distant, it might be submitted to the jury, as a question of fact, whether its omission, under the circumstances, was negligence.

**8.—Charge—Negligence—Burden of Proof.**

A charge which put upon the defendant railway company the burden of proving that its bell was rung sufficiently to warn one of ordinary prudence of the backing of its train over a street crossing, was improper, as this was defendant's negligence and required to be proved by plaintiff.

**9.—Contributory Negligence—Climbing on Cars.**

A charge taxing plaintiff with contributory negligence if injured while attempting to climb on moving freight cars, should not be qualified by adding, without the knowledge of defendant or its employes; defendant's knowledge did not relieve plaintiff of the consequences of his act, except in case of negligence after discovered peril.

**10.—Damages—Double Recovery.**

A charge does not permit a double recovery, in a suit by a father and his minor son for their respective damages from personal injury to the latter, because the son is permitted to recover for the prospective diminution in his earning capacity after he shall have arrived at his majority, and the father to recover for the diminution in prospective contributions to his support by the son after the latter comes of age.

**11.—Damages—Parent for Injury to Child—Pleading.**

A father whose pleading claims damages for diminution in the earning capacity of his son during minority only, by reason of injury to the son's person, can not recover, under such allegation, for any prospective diminution of the expected contributions of the son to his support after arriving at majority.

Error from the District Court of McLennan. Tried below before Hon. M. Surratt.

*J. W. Terry* and *Ballinger Mills,* for plaintiff in error.

*T. A. Blair* and *H. N. Atkinson,* for defendants in error.

FISHER, Chief Justice.—C. B. Hall sued the plaintiff in error for himself, and as next friend of his minor son, Charles Hall, to recover for personal injuries sustained by Charles Hall, whose foot was crushed and mangled by a car in one of plaintiff in error's trains, at a public crossing in the town of McGregor. The court, on the verdict of the jury, rendered judgment against the plaintiff in error for Charles Hall in the sum of $2500, and for C. B. Hall in the sum of $500. The defendant pleaded contributory negligence upon the part of Charles Hall.

The plaintiffs' petition substantially alleged that Charles Hall was run over and injured, at the College Street crossing in the town of McGregor, by one of plaintiff in error's freight trains which, in backing up, ran over him and caused the injuries he sustained. The grounds of negligence alleged are, substantially, that a part of the train was left north of the crossing and the main part proceeded south of the crossing, and thereafter, while Charles Hall was crossing the track, the main part of the train, to which the locomotive was attached, suddenly and without warning, backed up across the College Street crossing; that the employes operating the train negligently handled the same, in that they did not ring the bell nor blow the whistle, nor give any warning that they were about to pass over the street.

Plaintiff in error's first and second assignments of error complain of the action of the court in overruling the motion for new trial, on the ground that the verdict is contrary to the evidence and not supported by the evidence, in that Charles Hall was not injured by defendant, as alleged by him, and because it is shown that at the time of his injuries he was wrongfully attempting to board one of plaintiff in error's freight cars while the same was in motion, and thereby was guilty of contributory negligence.

Without going into a discussion of the facts raised by these assignments, we are of the opinion that the evidence was sufficient to support the verdict. The evidence of the plaintiff and some of his witnesses is substantially to the effect that he was injured in the manner and at the time and place as stated, and that the defendant was guilty of the negligence alleged in the petition, and that Charles Hall was not attempting to board one of plaintiff in error's cars at the time he received his injuries.

We overrule the plaintiff in error's ninth assignment of error. We think, under the pleadings and facts in the record, the court correctly placed the burden of proof of contributory negligence upon the plaintiff in error.

Plaintiff in error's twelfth assignment of error, as stated in its brief, but original assignment number 14, as shown in the record, is overruled; and there was no error in refusing the charge requested. This

charge, as requested, leaves out of view the theory of the plaintiffs' case, and which is sustained by the evidence, to the effect that at the time he was injured he was on the public crossing of College Street; and if such is the case, he had the right to be there, and he would not be a trespasser. This charge is predicated upon the idea that the mere intention of one to board a moving car, when not a passenger, would constitute him a trespasser, and would charge him with contributory negligence, and if injured, no liability would result, unless in a case where, before the injury was sustained, his perilous position, if any, was discovered by the employes operating the train. The charge assumes that the injured party would be a trespasser, if his intention was to board one of the cars. The purpose of the charge is to give the same effect to the mere intention to board the cars as if such purpose had been executed, or the attempt to board had been actually made. If Charles Hall approached the track with a view of boarding the cars, but made no effort to execute such intention, and he at the time was at a public crossing, such as is shown to be the case by his evidence, he could not be charged with contributory negligence, and he would not be a trespasser, as the charge requested in terms states he was. If a party is rightfully at a public crossing, a mere intention to board one of the passing cars would not in law necessarily constitute him a trespasser. The charge requested proceeded upon the adverse proposition, and was correctly refused.

The evidence complained of in plaintiff in error's thirteenth assignment of error, as stated in the brief, was admissible. It was in the nature of res gestæ, and the statement made by Charles Hall could be testified to by himself.

There was no error in overruling the objections to interrogatories 8 and 9 and the answers thereto, as stated in the depositions of the witness Isbell. Nor was there any error in overruling the motion to strike out and suppress the depositions of the witness Charles Wright. We are inclined to the opinion that, while the interrogatories propounded to Isbell were leading, there was no abuse of the discretion of the trial court in permitting this character of examination in this instance. The witness, it seems, could not recollect the statement previously made, or what was said by Charles Hall at the time he was discovered injured by Isbell, and the questions were propounded for the purpose of directing his attention to previous statements made by this witness.

We are of the opinion that under the waiver stated in the record, the commission was properly issued to take the depositions of the witness Charles Wright. This objection is urged in the plaintiff in error's fifteenth assignment of error, which we overrule.

The court correctly refused to give the charge set out under plaintiff in error's sixteenth assignment of error. The case made by the plaintiff is substantially in accord with the facts alleged in his petition.

The questions raised in the seventeenth assignment of error will be disposed of in passing upon the sixth and seventh assignments of error.

The court in its charge in effect instructed the jury that it was the

duty of the plaintiff in error, in approaching the crossing, to cause the whistle to be blown or the bell to be rung; and if the jury believed that there was a failure of duty in this respect, and that thereby the said Charles Hall was injured, then they would find for the plaintiff. In other words, as we construe the charge, it was an attempt to place the duty upon the plaintiff in error in this case to perform the statutory requirements of blowing the whistle and ringing the bell in approaching the public road or street. The statute, article 4507 of the Revised Statutes of 1895, makes it the duty of those operating the locomotive of the railway company to blow the whistle and ring the bell at a distance of at least eighty rods from the place where the railroad shall cross any public road or street; and such bell shall be kept ringing until it shall have crossed such public road or stopped. The train in question approached the College Street crossing from the north, and left on the north side of the track the caboose and two or three cars, and then continued across the College Street crossing, south, on to a siding, for the purpose of switching some cars. What evidence there is in the record bearing upon the question as to the distance that the locomotive and the main part of the train went south of the College Street crossing, tends to show that before the locomotive, with the cars attached, started to return to the College Street crossing, it had not reached a point eighty rods distant from the crossing.

The plaintiff in error's third assignment of error complains of the charge upon this subject, because if the train in approaching the crossing started at a distance of less than eighty rods, it was not required to cause the whistle to be blown or the bell to be rung; and that, in view of the facts in the record on the subject of distance that the train was from the crossing at the time that it started to return thereto, it being less than eighty rods, this instruction should not have been given. This contention is in part correct, and for the error of the court in instructing the jury that the railway company was negligent in failing to blow the whistle, the judgment will have to be reversed and the cause remanded.

The Supreme Court in the case of Railway Co. v. O'Neal, 91 Texas, 671, where the question here urged was raised, held that where the starting point to the approach to the crossing was less than eighty rods, the statute did not require the whistle to be blown. In the recent case of Fort Worth, etc., Railway Co. v. Greer, 69 S. W. Rep., 422, the Court of Civil Appeals of the Second District reaffirms this doctrine, and mentions some other cases which seem to conflict with this rule. But in our opinion a different rule obtains with reference to ringing the bell. The statute uses the expression "the bell shall be rung, and such bell shall be kept ringing until it [that is, the locomotive] shall have crossed such public road or stopped." The evident purpose of this phase of the statute was that when the intention existed to move the train and locomotive back and forth across the public road or street, a continuous warning should be given by ringing the bell in approaching the crossing,

although the distance of beginning the approach to the crossing might be less than eighty rods.

This view of the law is recognized in the case of Railway Co. v. Bailey, 83 Texas, 19, and in Missouri, K. & T. Ry. Co. v. McGhee, 92 Texas, 619. In the latter case the following instruction was given, which this court held to be proper when the McGhee case was before it, and which the Supreme Court approved: "You are further instructed that it was the duty of the defendant, when starting its engine towards the crossing in question (the evidence showing that such starting point was within 150 feet of the crossing) to cause the bell on the engine to be rung after starting its engine, and to keep said bell ringing until the crossing should have been passed or the engine stopped, and the failure to do.this on the part of the employes of defendant would be negligence."

Therefore we are of the opinion that the court erred in instructing the jury that the railway company was guilty of negligence in failing to blow the whistle, but that so much of the charge as related to the ringing of the bell was proper. However, it might have been proper for the trial court, in view of the facts in the record, to have submitted to the jury the issue whether or not the railway company was guilty of negligence in failing to sound the whistle in returning to the College Street crossing. The pleadings of the plaintiffs alleged, in effect, that the railway company was guilty of negligence in failing to give any warning of the approach of its train upon its return to the crossing.

If the public use of the crossing was such, or the circumstances attending its use by Charles Hall, or any other member of the public, were such at the time of the approach of the train to it as to indicate to a person of ordinary prudence that sounding the whistle was such a warning as a person of ordinary care would or should resort to in approaching the crossing, and if the jury believed that the failure to exercise such care was negligence, and that the same proximately contributed to or caused the injuries sustained by Hall, then the plaintiff should recover, unless guilty of contributory negligence, as charged in the answer.

The plaintiff in error, by charges which it requested, but which were refused, as stated on page 19 of its brief, in effect recognized the rule as stated; and in view of another trial, we would suggest that if the request is made and the evidence is similar as found in the record before us, it would be proper for the trial court to submit the issue in the way stated to the jury.

We do not make the plaintiff in error's sixth, seventh and eighth assignments of error grounds for reversal; but in view of another trial we will indicate to the court our views upon the questions raised by these assignments.

The fifth and sixth paragraphs of the general charge of the court, which are complained of in these assignments, in effect present to the jury the defense of contributory negligence, as pleaded by the plaintiff in error in its answer. The court, after giving these charges, instructed the jury that the burden of proof was upon the defendant to establish

the facts relied upon, as set out in these two paragraphs of the charge, by a preponderance of the evidence. Paragraph 5 of the court's charge, when construed in connection with the charge of the court putting the burden upon the defendant, in effect required, in order to defeat a recovery by the plaintiff, that the defendant should establish the fact that at the time that its locomotives and cars were approaching the crossing they made sufficient noise to attract the attention of a person of ordinary care, and that the bell was continually rung loud enough to be heard by a person exercising ordinary care passing along the public street, and that Charles Hall did hear the noise attendant upon the moving and switching of the locomotives and cars, or did hear the bell ringing, or by the use of ordinary care and prudence could have heard the same, and that he attempted to cross the track, knowing that the locomotive and cars were being so moved and switched back and forth, and knew that it was likely that at any moment the said cars south of the said crossing of said street might be moved down suddenly over said crossing, and if so moved there would be danger of the same striking him in attempting to make said crossing, and that he be injured thereby, or by the use of ordinary care and prudence on his part, he would have so known, etc., then they would find for the defendant.

The defendant was not required to prove all of the things stated in this charge as tending to show it exercised ordinary care in approaching the crossing, nor was it required to prove all of the acts of contributory negligence which it alleged that Charles Hall was guilty of. It placed the burden upon the defendant of proving that at the time its locomotive or train of care approached the crossing, said locomotive or train of cars was making sufficient noise to attract the attention of a person of ordinary care in passing along the College Street crossing, and that the bell was kept ringing in approaching the crossing; whereas, under the pleadings of the plaintiff, the burden was upon him to establish the fact that the bell was not rung, and no sufficient noise made in approaching the crossing as a warning of the approach of the train. That was the ground of negligence alleged by the plaintiff, and before he could recover the burden rested upon him to establish that fact, and it did not devolve upon the defendant, in the first instance, to establish the fact that sufficient warning or noise of the approach of the train was made to attract the attention of a person of ordinary prudence.

In the latter part of the charges complained of, this instruction is found: "Again, if you believe from the evidence that the said Charles Hall, at the time he received said injuries, had gone upon the roadbed and track of defendant without its knowledge or consent, or that of any of its employes, and without such knowledge or consent he attempted to board and get upon one of the cars of a moving train, and did catch hold of or attempt to and climb upon and swing to the side of such car while it was in motion for the purpose of riding thereon, and that in so doing his foot was caught under the wheel or wheels of said car and

run over, then and in that event, if you so find, you will find for the defendant."

This charge presented this branch of the defense of contributory negligence substantially as pleaded by the plaintiff in error; but we are of the opinion that the combination of facts as stated would complete the defense of contributory negligence with the omission of the words "without its knowledge or consent or that of any of its employes." There is no pretense in this case, so far as shown by the pleadings and facts, of the issue of discovered peril; and if Charles Hall, at the time of his injury, had boarded one of the plaintiff in error's cars, or was attempting to board the same under circumstances showing that he had no right to do so, the jury might find him guilty of contributory negligence, although such attempt or boarding of the cars might have been within the knowledge of some of the employes in the management of the train.

The mere knowledge that a trespasser is about to do something which he is not authorized to do, does not relieve him of the consequences of his voluntary act, if it is of such a nature that a person of ordinary prudence should refrain from doing; or the circumstances are such as do not indicate to the one possessing such knowledge that the trespasser has put himself in a position of peril which of itself would call for the exercise of care and caution upon the part of the employes so possessing such knoweldge to use all reasonable means at hand to prevent his injury.

The plaintiff in error's tenth and eleventh assignments of error complain of the charge of the court on the measure of damages. Objection is urged that the charge permits a double recovery. We do not agree with this contention. Charles Hall had the right to recover for the damages arising, if any he sustained, by his decreased capacity to earn money after he arrived at the age of 21 years; and the father, C. B. Hall, could also recover what, if any, pecuniary aid there was a reasonable expectation he would receive from Charles Hall after he arrived at the age of 21 years. These two items of damages are separate and independent, and they can not be considered as in anywise a double recovery. One is for the benefit of Charles Hall, for the injury he has sustained on account of diminished capacity; and the other is for damages sustained by his father, C. B. Hall, on account of the pecuniary benefit he had a reasonable expectation of receiving from his son after he had reached the age of 21 years.

But the charge of the court allowing a recovery in favor of the father, C. B. Hall, for what amount he might reasonably expect from benefits to be received from Charles Hall after he reached the age of 21 years, is objectionable, because this item is not embraced in the pleadings of the plaintiff C. B. Hall, nor is the evidence of such a character as would authorize a verdict in his favor as to this item.

The plaintiff C. B. Hall's first amended petition has this statement: "That the plaintiff shows that said Charlie Hall was a minor son, as aforesaid, of tender age, being at that time of the age of 12, and that

this plaintiff was entitled to his services during his minority, and thereafter had a right to expect aid, assistance and comfort from him during the lifetime of this petitioner." Then goes on to allege items of special damages with reference to expenses incurred, which are alleged to be of the total sum of $700; and concludes with this statement: "That the capacity of said minor son to earn money has been greatly reduced by said accident, and the value of his services during his minority has also been greatly reduced, by reason of this crippled condition; and that thereby this plaintiff has been damaged in the sum of $5000. Wherefore, he prays for citation in form of the law, etc., for $5700."

As we construe these averments, it is a prayer only to recover for the value of the services of Charles Hall during his minority. It does not appear from the evidence in the record that the parent had the right to expect any pecuniary advantage from the child after the latter reached his majority. The parent is entitled to recover, if he can show a pecuniary interest in the life of the child beyond his maturity, and upon proof of a reasonable expectation of a pecuniary benefit that he may receive from the child after his majority. There must be some evidence of a reasonable expectation of pecuniary advantage to the parent in this respect. The mere fact of the proof of the relationship existing between the two parties does not necessarily imply that the parent will receive a pecuniary benefit or has an expectation in that direction from the child after he reaches the age of 21 years. We do not mean to intimate that evidence should be offered establishing the money value of such expectation, because such value is a question to be determined by the jury after they have been given possession of the facts upon which the value is predicated. These views are outlined in 8 Am. and Eng. Enc. of Law, 2 ed., 920-923; Railway Co. v. Hyatt, 12 Texas Civ. App., 435; Winnt v. Railway Co., 74 Texas, 33.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*