SPILLER, Respondent, v. ST. LOUIS, MEMPHIS AND SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 2, 1905.

RAILROAD CROSSING: Sounding Whistle. Employees of a railway company in charge of a train are guilty of negligence in failing to sound the whistle or ring the bell before backing over a crossing, although the start is within eighty rods of the crossing, under the provisions of section 1102, Revised Statutes of 1899.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellant.

(1)    Under the petition in this case the plaintiff was not entitled to recover, as he based his action on the duty to ring the bell or sound the whistle and the proof showed the accident to have taken place under conditions which did not make the statute apply. R. S. 1899, sec. 1102; Stillson v. Railroad, 67 Mo. 671. (2) Under the facts in the case Jones was guilty of negligence which caused the injury. And the court ought to have sustained the demurrer to the evidence. Construction Co. v. Transit Co., 80 S. W. 741; Kelsay v. Railroad, 129 Mo. 362, 30 S. W. 339; Wands v. Railroad, 106 Mo. App. 96, 80 S. W. 18; Turner v. Railroad, 74 Mo. 602; Jones v. Barnard, 63 Mo. App. 501; Guyer v. Railroad, 174 Mo. 244, 73 S. W. 584; Maxey v. Railroad, 113 Mo. 1, 20 S. W. 654; Railroad v. Andrews, 130 Fed. 65.

*Brewer & Collins* for respondent.

(1)    The failure of appellant to sound the whistle on its engine or ring the bell while approaching the public road crossing where the injury occurred, as required by section 1102, R. S. 1899, warranted the jury in finding for the respondent because it appeared from the evidence that obedience to the statute would have prevented the injury. Lloyd v. Railroad, 128 Mo. 595, 29 S. W. 153, 31 S. W. 110. (2) The failure of appellant to ring the bell or sound the whistle on its engine at the public road crossing, where respondent's mule was crippled and his wagon destroyed, was negligence; and liability attaches if the failure of the appellant so to do contributed to the injury complained of. Van Note v. Rail-

road, 70 Mo. 641; Petty v. Railroad, 88 Mo. 306.   (3)
Whether or not respondent contributed to his injury and
damage was a question for the jury.   Burger v. Railroad,
112 Mo. 238, 20 S. W. 439.

STATEMENT.

In December, 1903, Jim Jones was living on plain-
tiff's farm in Pemiscot county, and by permission of
plaintiff had possession of and the privilege of using
plaintiff's wagon, harness and span of work mules.   On
the twelfth of the month, Jones hitched the mules to the
wagon and drove to the city of Caruthersville and re-
mained there until about nine o'clock p. m., when he
started home, driving the team.   The road he traveled to
reach his home was a public one and crossed diagonally
over defendant's right of way near to or in the edge of
Caruthersville and at a point where defendant had laid
its main track, two switch tracks and a spur track, the
spur running up to an oil mill.   The distance across
these tracks was estimated by the witnesses to be from
fifty to sixty feet.   The night was very dark and it was
snowing or sleeting and the wind was blowing.

Jones testified that when he reached the crossing,
before attempting to drive over it, he stopped his team
and looked and listened for a train but neither saw nor
heard one in either direction; that he did not hear a lo-
comotive whistle sounded or a bell rung, nor did he hear
the noise of a moving train, and after stopping and look-
ing and listening he proceeded to cross.   Just as he was
on the fourth or last track a train, backing cars to the
oil mill, struck the wagon and one of the mules, break-
ing up the wagon and so badly crippling the mule that
he was considered worthless and was abandoned or given
away by plaintiff.

The evidence on the part of the defendant tends to
show that the train was running slowly, from three to
four miles per hour; that the whistle was sounded at
the proper time and the bell was ringing as the train

approached the crossing; that a switchman, with a lighted lantern in his hand, was standing in the middle of the fourth track, and another switchman, also with a lighted lantern, was farther down the track. The switchman at the crossing testified that he could not see the wagon on account of the darkness, but as soon as he heard it approaching he gave warning but the warning was too late to avert the collision, and as soon as he discovered the danger he gave a signal to the engineer to stop and the train was stopped in as short a time and space as possible, but that it was impossible to stop it in time to avoid the collision. He further testified that he did not see Jones until he got on the track but heard him coming and hallooed to him but it was too late; that after the accident he asked Jones what he tried to get over for when he saw it (the train) and Jones replied, he thought he could "beat it over;" that he told Jones he ought not to take chances like that, and Jones' answer was, he "didn't give a damn," the team didn't belong to him. Jones positively denied that he had any such conversation with the switchman, and denied that the switchman was at the crossing with a lantern. Other witnesses for plaintiff testified that the switchman was not at the crossing with a lantern and that the whistle was not sounded nor the bell rung.

Plaintiff's evidence tends to show that by the injury to his mule and wagon he was damaged in the sum of from one hundred and seventy to one hundred and ninety dollars.

Defendant offered an instruction in the nature of a demurrer to the evidence which the court refused, and the issues were submitted to the jury on a set of instructions against which no point is made. The jury found for plaintiff and assessed his damages at one hundred and seventy dollars. The appeal is in the usual way.

BLAND, P. J. (after stating the facts).—Defendant makes two points in support of its motion for a com-

pulsory nonsuit: First, that in the circumstances it was not required to ring the bell or blow the whistle; second, that Jones was guilty of contributory negligence as shown by all the evidence.

The case of Stillson v. Railroad, 67 Mo. 671, is cited and relied on as sustaining the first point. In the Stillson case, the crossing which plaintiff approached was entirely obstructed by a train of cars standing across it. Several feet from the line of the street there was an opening about ten inches wide, through which plaintiff attempted to pass and was caught by a backward movement of the train. Whether this movement was caused by an impulse of the locomotive or on account of an incline in the track was not shown. On this state of facts the court, at page 677, said: "But here there was no street crossing. . . . It does not appear that any officer or servant of the road was aware that the plaintiff, or anyone else, was proposing or attempting to cross at the point where the injury to plaintiff occurred. It does not appear that any bell was rung or whistle sounded; but this is only required when approaching a crossing. The train was about to leave unobstructed the street crossing, over which several of its cars extended." The case in hand presents an altogether different state of facts. The crossing over which Jones attempted to pass was not obstructed by cars standing across it, nor was there any indication, according to his evidence, that a train was approaching anywhere near, therefore, there was nothing to deter him from attempting to cross or to indicate to him the presence of danger, and we are wholly unable, from Jones' evidence, to see wherein he was careless. But from the examination of the witnesses on the trial and the argument of plaintiff's learned counsel in his brief, we draw the inference that, for the reason the train started to back from a point less than eighty rods from the crossing, the trainmen were not required to observe section 1102, Revised Statutes 1899, by ringing the bell or sounding the whistle at least

eighty rods from the crossing. Such a construction of the statute would be extremely technical and very literal and clearly against the plain intent of the statute, to-wit, to give warning to the traveling public of the approach of a train at a public road crossing. Not only the statute but ordinary prudence would require, irrespective of the nearness of a standing train to an unobstructed public crossing, that when the train starts to move in the direction of the crossing with the purpose of crossing over it, the statutory warning should be given of its approach. We think plaintiff's evidence tends to show that the defendant's servants failed to discharge that duty, and both of defendant's points should be ruled against it.

There is a very sharp and marked conflict in the evidence, that for plaintiff makes a clear case entitling him to recover, that for defendant convicts Jones of the grossest negligence, and of such character as would defeat plaintiff's right of recovery. The conflict was a proper matter for settlement by the jury. They have settled it by their verdict, which is conclusive on us.

The judgment is affirmed. All concur.