# MISSOURI, O. & G. RY. CO. v. ADAMS.

No. 4864.   Opinion Filed November 23, 1915.

(153 Pac. 200.)

1. **EVIDENCE—Res Gestae.**  In an action for damages arising from a collision between a railway locomotive and a wagon, in which the occupants of the wagon were injured, a statement by the engineer of the train, in response to a question by the conductor, made after the accident had occurred and the train had stopped and the engineer and conductor had alighted therefrom, **held**, not admissible as part of the **res gestae.**

2. **RAILROADS — Witnesses—Impeachment—Material Testimony— Crossing Accident.**  In an action to recover damages for injuries resulting from a railroad crossing accident, the petition alleged that the railroad company was negligent, in that it ran its locomotive and train up to and across the street crossing at a high and dangerous rate of speed. and in that it failed and neglected to give warning of the approach of such locomotive and train to such street crossing by sounding the whistle or ringing the bell.  **Held**, that evidence of a statement made by the engineer of such train, in response to a question by the conductor after the accident, that he was looking back and did not see the wagon until he struck it was immaterial, and its admission was error.

3. **NEGLIGENCE—Pleading—Proof.**  Where the petition avers specific acts of negligence, evidence tending to prove other acts of negligence not embraced in the acts charged is not admissible.

4. **RAILROADS—Crossing Accident—Duty to Give Warning—Instructions.**  Where the evidence shows that the street crossing at which the accident occurred is 250 to 300 yards from the depot from which the train inflicting the injury started, it is error to instruct that, if the jury find that the defendant failed and neglected to sound the whistle or ring the bell at least 80 rods from such street crossing, and that by reason of such failure and neglect plaintiff was not warned of the approach of such train, and did not know of the approach of such train in time to get out of its way, and the wagon in which she was riding was struck by the locomotive of such train, and she was injured, they must find for the plaintiff, unless they find that plaintiff was guilty of contributory negligence.

5. **APPEAL AND ERROR—Harmless Error—Instructions—Measure of Damages.**  Instruction as to the measure of damages considered

and held not to be reversible error. **Midland Valley R. Co. v. Hilliard,** 46 Okla. 391. 148 Pac. 1001. followed.

(Syllabus by Rummons, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by Luvate Adams against the Missouri, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

The defendant in error, here nafter styled the plaintiff, commenced this action in the district court of Muskogee county against the plaintiff in error, hereinafter styled the defendant, alleging that on June 9, 1912, the plaintiff, while traveling in a wagon along Lake street, in the city of Muskogee, a public highway of said city, crossed the railroad of defendant upon such highway, and as plaintiff had reached said crossing defendant carelessly and negligently ran one of its locomotives, with a train of cars attached, into, up to, and upon said highway at a high and dangerous rate of speed, and negligently and carelessly omitted, while so approaching said crossing, to give any signal by ringing the bell or sounding the steam whistle, or otherwise, by reason whereof plaintiff was unaware of the approach of said locomotive and train; that by reason of defendant's negl'gence, and without any fault or negligence on the part of plaintiff, the said locomotive struck the wagon in which plaintiff was riding and threw plaintiff out onto the ground and injured her, damaging plaintiff by reason of her pain and suffering and by reason of permanent injuries in the sum of $10,000. The defendant answered the petition of the plaintiff, denying generally the allegations of the plaintiff, and further pleading that, if plaintiff suffered any injury, such injury was due to and caused by the contributory negligence of the plaintiff. The evidence of plaintiff and

defendant is in direct conflict upon the question as to whether or not the defendant's employees sounded the whistle or rang the bell or gave any other warning of the approach of defendant's train to the crossing upon which the accident occurred. There is also some conflict in the testimony upon the question of the contributory negligence of plaintiff. Upon these issues and the evidence the jury returned a verdict against the defendant in the sum of $540. The defendant in due time filed its motion for new trial, which being overruled, judgment was entered for plaintiff for the amount found by the jury. To reverse th.s judgment, defendant prosecutes this appeal.

E. R. Jones and J. C. Wilhoit (Arthur Miller, of counsel), for plaintiff in error.

Owen & Stone and Sumner J. Lipscomb, for defendant in error.

Opinion by RUMMONS, C. (after stating the facts as above). There was sufficient evidence before the jury to sustain the verdict, unless the assignments of error raised by the defendant as to the admission of evidence and as to the instructions of the court are well taken. The first assignment of error presented by defendant raises the question of the admission by the trial court, over the objection of defendant, of evidence offered by plaintiff, in rebuttal, of a statement made by the engineer of defendant, who operated the locomotive that struck the plaintiff, to the conductor after the accident occurred and the train had stopped, and the conductor and the engineer were examining as to the extent of the injuries sustained by the parties riding in the wagon. Counsel for plaintiff asked this question:

"I will ask you if at the time you heard the conductor call the engineer by name and ask him how this accident

occurred, how he happened to hit these people, and if the engineer replied and said he thought he heard a brake rod dragging, and looked back to see, and did not see the people until he had hit them; you heard that, or that in substance?"

To this question the defendant objected, and, objections being overruled by the court, excepted, and the witness replied: "Yes, sir."

Counsel for defendant insist that there was prejudicial error in the admission of this testimony; while counsel for plaintiff insist that the question and answer are proper, both as part of the *res gestae* and also for the purpose of impeaching the conductor, who was a witness for the defendant. Upon cross-examination of the conductor counsel for the plaintiff asked this question:

"If he had seen these people 15 feet before he got to them could he have stopped the train in time without hitting them?"

Counsel for defendant objected to this question on the ground that it was not an issue in this case, the fact whether the engineer could or could not have stopped the train in order to avoid the injury in this case. Thereupon this colloquy ensued:

"Judge Owen: We ask leave to amend, and we offer this to show the rate of speed the train was going.

"Judge de Graffenried: It is admitted for the purpose of showing the rate of speed the train was going."

Counsel for plaintiff in their brief insist that at the trial they amended their petition so as to make the fact sought to be shown by the evidence complained of material to the case; but we find in the record no other reference to any amendment or any leave granted by the court to amend or any statement in the record as to the nature of the

amendment sought to be made by counsel for plaintiff. So that, in 'determining the question raised by defendant's first assignment of error, we can only consider the issues as presented by the pleadings at the time the trial began. Upon those issues was this evidence admissible? Was it a part of the *res gestae,* or was it admissible for the purpose of impeaching the conductor? We must conclude that the court erred in admitting this testimony upon each of these propositions. Our Supreme Court, in the case of *Coalgate Co. v. Hurst,* 25 Okla. 588, at page 597, 107 Pac. 657, at page 660, says:

"The defendant [plaintiff in error] offered to prove by one of its employees that within 20 or 30 minutes after the accident, in a conversation with Jenkins near the entrance of the mine whilst he was then in a semiconscious, or what was termed by the witness as a flighty or groggy condition, that he said: 'I asked Jenkins where his "buddy" was, and he stated: "He is on ahead, dead, all right. My lower limbs are paralyzed. I told him not to fire the shot, but he said he would go ahead and fire it anyhow." ' Was it a part of the *res gestae?* If so, it should have been admitted; otherwise, not. Was the alleged statement spontaneous, and so connected with the main fact under consideration as to illustrate its character, or to form in conjunction with it one continuous transaction? Jenkins was a servant of the master, and may have fired this shot that caused the accident, and when confronted with his coemployee, with the inquiry as to where his 'buddy' was, being apprehensive as to the consequences of his act, he may have sought to escape such responsibility by placing it upon his coemployee. It does not appear that the ruling of the court in the exclusion of this evidence under the circumstances was error. *Gowen v. Bush,* 76 Fed. 349, 22 C. C. A. 196; *Fredenthal v. Brown & McCabe,* 52 Or. 33, 95 Pac. 1116; *L. & N. R. Co. v. Pearson, Adm'r,* 97 Ala. 211, 12 South. 176."

In the case of the *City of Wynnewood v. Cox*, 31 Okla. 563, at page 576, 122 Pac. 528, at page 533, Ann. Cas. 1913E, 349, following the case of *Coalgate Co. v. Hurst, supra,* the court says:

" '*Res gestae,*' as said by Mr. Wharton, in his work on Criminal Evidence, 'are events speaking for themselves, through the instinctive words and acts of participants, not the words and acts of participants when narrating the events. What is done or said by participants, under the immediate spur of a transaction, becomes thus part of the transaction, because it is then the transaction that speaks.' "

In the opinions of courts of last resort are to be found innumerable decisions upon what is or is not admissible in evidence as a part of the *res gestae*. The result is that the admissibility of such evidence in every case must depend upon the circumstances of the particular case. But the rule is universal that, to be admissible as part of the *res gestae,* the statement must be substantially contemporaneous with the transaction, made on the spur of the moment, and induced by the happening of the events concerning which the statement is made, and not a narrative or statement of what has occurred. *Smith v. C., R. I. & P. Ry. Co.,* 42 Okla. 577, at page 580, 142 Pac. 398; *Louisville & N. R. R. Co. v. Webb,* 99 Ky. 332, 35 S. W. 1117; *Durkee v. Central Pac. R. R. Co.* (Cal) 9 Pac. 99; *Fredenthal v. Brown,* 52 Or. 33, 95 Pac. 1114.

In the light of the decisions of our own court, and of the cases cited, we are constrained to the opinion that any statement made by the engineer of defendant in reply to a question by the conductor as to how the accident happened would be a mere narrative of the occurrence, and not a part of the *res gestae*.

Was this evidence admissible for the purpose of impeaching the conductor of defendant? Counsel for plaintiff in cross-examining the conductor asked him, in substance, the ident:cal question propounded to plaintiff's witness in rebuttal, and of which defendant complains. The conductor denied that any such conversation took place. The rule is well settled that a witness can only be impeached upon a question material and relevant to the case. Under the issues of this case, as stated above, the only charges of negligence against the defendant were running its train at a high and dangerous rate of speed, and failure to give any warning by ringing the bell or sounding the whistle or otherwise. The plaintiff, having alleged these specific acts of negligence, is bound by them, and cannot present any other issue of negligence to the jury. *C., R. I. & P. Ry. Co. v. McIntire*, 29 Okla. 797, 119 Pac. 1008. So that the question of whether or not the defendant was negligent by reason of the failure of its engineer to keep a proper lookout on approaching the crossing at which the accident occurred was not within the issues of the case, and any statement made by the engineer upon that matter would be immaterial. Again, the statements of an employee of the defendant made under the circumstances appearing in this case could not and would not be binding upon the defendant. *Durkee v. Central Pac. R. R. Co., supra; Fredenthal v. Brown, supra; Havens v. R. I., etc., R. R. Co.*, 26 R. I. 48, 58 Atl. 247, 3 Ann. Cas. 617, and note page 621. So that upon any view of the case the testimony complained of by the defendant was incompetent and immaterial. It remains to be seen whether or not this error was prejudicial. We are unable to say that it was not. In view of the conflict in the evidence offered by plaintiff and defendant as to the failure of de-

fendant to sound its whistle or ring its bell when approaching the crossing, the jury may have taken the evidence of this statement of the engineer as a confession of negligence upon the part of the defendant in failing to keep the proper lookout by the engineer when approaching the crossing where the accident occurred. If they took this view of this evidence, it will be readily seen that it was highly prejudicial to the defendant, and we are unable for that reason to say that this was harmless error.

Defendant next complains of the giving by the court of its fourth instruction to the jury. The court instructed the jury in its third instruction as to the duty of defendant to give warning of the approach of its train to the crossing, and followed this in instruction 4 by instructing the jury as to the statutory duty of defendant as to such a warning. The instructions follow:

"(3) You are further instructed that, if you believe by a preponderance of the evidence in this cause that the plaintiff, on or about the 9th day of January, 1912, was riding along Lake street in a wagon, and that the said Lake street was a public highway of the city of Muskogee, and that said public highway crosses the ra'lroad track of the defendant, and as plaintiff came to said crossing the defendant negligently and carelessly ran one of its locomotives up and across said highway at said crossing at a high and dangerous rate of speed, or negligently and carelessly omitted while so approaching said crossing to give out any signals by ringing the bell or sounding the whistle to warn the public of the approach of said train to said crossing, and that by reason of the failure of the defendant to give such warning and without contributory negligence on the part of the plaintiff, as will be herein defined to you, said locomotive struck the wagon in which the plaintiff was riding and overthrew said wagon, and threw the plaintiff out upon the ground, with such force as to

injure her, then in that event your verdict should be for the plaintiff for whatever damages you may find her to be entitled, not exceeding the sum sued for in this action.

"(4)  You are further instructed that it was the duty of the defendant to either ring the bell upon the engine or sound the whistle at a distance of at least 80 rods from a public highway where such railroad crosses such highway and to keep the bell ringing or the whistle blowing until the train should have crossed said public street as a warning to the public of the approach of such train, and if you believe by a preponderance of the evidence in this cause that on or about the 9th day of January, 1912, the defendant was operating a train of cars along its railroad tracks in the city of Muskogee, you are instructed that it was its duty to ring the bell or blow the whistle as a warning to the public of the approaching train at least 80 rods from Lake street before reaching same, and to continue to ring the bell or blow the whistle until after it had passed said crossing or public highway, and if you further believe from a preponderance of the evidence in this cause that the agents, servants, and employees of the defendant in charge of and operating said train failed or neglected to ring the bell or blow the whistle in the manner herein described, and by reason of such failure or neglect to ring the bell or blow the whistle the plaintiff was not warned of the approach of said train in time to get out of its way and said wagon in which she was riding was struck by the locomotive drawing said train of cars, and she was thereby injured, then and in that event your verdict will be for the plaintiff, unless you find from the evidence that plaintiff was guilty of contributory negligence as hereinafter defined to you in these instructions."

It is argued by defendant that instruction No. 4 practically amounts to an instruction for the plaintiff, for the reason that the court there told the jury that it was the duty of defendant to sound the whistle or ring the bell at least 80 rods from the crossing, and continue sound-,

ing such whistle or ringing such bell until the crossing had been passed, when the evidence disclosed that the depot from which the train of defendant started was only 250 or 300 yards from the crossing at which the accident occurred. So that the jury were bound to find from the evidence that the defendant had failed to perform the duty imposed upon it as defined by the court in that instruction. It is urged by plaintiff that this instruction was harmless and resulted in no prejudice to the defendant in the minds of the jury. The plaintiff cites the case of *M., O. & G. Ry. Co. v. Parker,* 50 Okla. 491, 151 Pac. 325, as holding such an instruction to be harmless error. We have examined the case cited, and find that the only point decided is that, while "it is error for the court to instruct the jury that under the statute it was the duty of the railroad company to ring the bell and blow the whistle of the engine 80 rods from the crossing, but where it was evident, even though so instructed, that the jury was not misled thereby, or any of the rights of the defendant prejudiced thereby, it will be held to be harmless, and not reversible error." We do not think this case bears out the contention of counsel for plaintiff. Similar instructions have been held by the Supreme and appellate courts of Texas, which seem to be the only courts that have passed upon the question, under a statute identical with ours, and under identical circumstances, to be reversible error. *G., C. & S. F. Ry. Co. v. Hall,* 34 Tex. Civ. App. 535, 80 S. W. 133; *T. & P. Ry. Co. v. Berry,* 32 Tex. Civ. App. 259, 72 S. W. 423; *Central Tex., etc., Ry. Co., v. Nycum* (Tex. Civ. App.) 34 S. W. 460; *Houston & Tex. Central Ry. Co. v. O'Neal,* 91 Tex. 671, 47 S. W. 95; *Ft. Worth & R. G. Ry. Co. v. Greer,* 32 Tex. Civ. App. 606, 75 S. W. 552.

The statute quoted by the court in this instruction was probably intended by the Legislature to apply to the operation of railroad trains in the country, but nevertheless, even though under the circumstances of the case the defendant could not comply with the letter of the statute, yet it was its duty to comply with the spirit of it, and to give warning of the approach of its train to a city street crossing by sounding the whistle or ringing the bell. *Spiller v. Railroad Co.*, 112 Mo. App. 491, 87 S. W. 43; *Golinvaux v. Railroad Co.*, 125 Iowa, 652, 101 N. W. 465; 3 Elliott on Railroads (2d Ed.) 1155.

The court in its third instruction correctly advised the jury as to defendant's duty under the law and the circumstances of the case at bar, but we think that in giving the fourth instruction quoted above the court erred; and, while we might hesitate to reverse this case were this the only error we find in the record, we cannot say that the error was harmless, and, in view of the fact that the case must be tried again, we call attention to this error.

The defendant next complains of the giving of instruction No. 7 by the trial court, which instruction is as follows:

"(7) You are instructed that, if you find for the plaintiff, she is entitled to recover as damages such sum as will compensate her, not to exceed the amount sued for, and in estimating her damages you will take into consideration the nature of the injuries received by her and the physical pain and suffering caused by reason thereof, and, in addition, may allow such damages as you may deem reasonable for the pain and suffering, if any, which has resulted or may result from the negligent acts of the defendant company."

Does this instruction correctly state to the jury the rule as to the measure of damages to be allowed plaintiff?

It is contended by defendant that the instruction com-
plained of does not confine the jury to the evidence in find-
ing the amount of damages to which plaintiff may have
been entitled in the event of her recovery, but permits
them to conjecture as to the amount which they may deem
reasonable. We are of the opinion that this instruction
is open to the criticism made by the counsel for defend-
ant, especially the concluding clause, "and, in addition,
may allow such damages as you may deem *reasonable* for
the pain and suffering, if any, which has resulted *or may
result* from the negligent act or acts of the defendant
company." The court nowhere directs the jury that their
estimate of the amount which plaintiff would be entitled
to recover must be controlled by the evidence, but permits
them to allow the plaintiff such damages as they may deem
reasonable for pain and suffering which may result. We
think under this instruction the jury were not confined,
as they should have been, to a finding of an amount suf-
ficient to compensate her for the pain and suffering which
they might find from the evidence would be reasonably
certain to result from the injury. But, while we do not
approve the form of this instruction, for the reason that re-
covery for pain and suffering in the future must be con-
fined to such as there is reasonable certainty, under the
evidence in the case, will follow from the injury received,
our court has held in the case of *Midland Valley R. Co.
v. Hilliard*, 46 Okla. 391, 148 Pac. 1001, that an instruc-
tion in practically the same language was not reversible
error. In that case, however, the court considered the con-
text of the other instructions, and came to the conclusion
that the jury were not misled. Upon the authority of
that case we conclude that instruction No. 7, complained
of by defendant, is not reversible error.

We need not consider the other assignments of error presented by the brief of counsel for defendant, as we do not find reversible error other than hereinbefore pointed out in the matters complained of by the defendant.

For the errors committed by the court as above set out in the. admission of testimony and in the giving of instruction No. 4, this cause should be reversed, and remanded for a new trial.

By the Court: It is so ordered.