KANSAS CITY SOUTHERN RY. CO. v. JOHNSON. (No. 1510.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1915. Rehearing Denied Nov. 25, 1915.)

1. PLEADING ☞345 — JUDGMENT ON PLEADINGS — FAILURE TO REPLY — AFFIRMATIVE MATTER IN ANSWER — CONTRIBUTORY NEGLIGENCE.

The Louisiana statutes, providing that in suits against railroad companies for loss of stock killed plaintiff, to recover, need prove only the killing or injury, unless defendant shows absence of carelessness or indifferent management of the train, authorizes a recovery only for negligent killing of stock, and that in an action based on the statute there was no reply filed to an answer alleging absence of negligence until after evidence introduced does not entitle defendant to a judgment on the pleadings under Texas statutes as amended by Acts 1913, c. 127, since the allegation of the answer under the Louisiana statute is not the allegation of affirmative matter, and a denial of the truth of a denial is not warranted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. ☞345.]

2. PLEADING ☞412 — JUDGMENT ON THE PLEADINGS—WAIVER.

In the absence of a motion for judgment on the pleadings, the failure of either party to specifically deny affirmative matter will be a waiver of that right.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ☞412.]

3. RAILROADS ☞446 — INJURIES TO STOCK — QUESTION FOR JURY.

In an action for killing horses on a right of way, evidence held sufficient to take defendant's negligence to the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1627–1641; Dec. Dig. ☞446.]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by Fish Johnson against the Kansas City Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

C. A. Wheeler and Glass, Estes, King & Burford, all of Texarkana, for appellant. Turner, Graham & Smiths, of Texarkana, for appellee.

HODGES, J. [1] This appeal is from a judgment against the appellant for $250, as the value of two horses killed by one of its trains. Both the pleadings and the evidence show that the killing occurred in the state of Louisiana and during the nighttime. The following provision of a statute of the state of Louisiana was pleaded by both parties, and was also offered in evidence:

"That in suits against railroad companies for the loss of stock killed by them it shall be sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train."

In its answer the appellant denied specifically that its train had killed the stock, and

further alleged that, if the horses were killed as charged, it was without negligence on its part; that the killing was occasioned by the horses coming on the track in front of a heavy train moving at the rate of 25 miles per hour, so close to the engine that it was not possible for the train to be stopped before striking the horses; that it used due diligence to prevent striking the horses after they were discovered on the track. No reply was filed to this answer of the appellant till after the close of the evidence and after the defendant below had closed its argument to the court upon the merits of the case. The court then, over the objection of the appellant, permitted the plaintiff to file a specific denial.

It is contended here that, under the provisions of our statute as amended by Acts 1913, p. 256, the appellant was entitled to a judgment upon the pleadings, regardless of the evidence, that the reply to its affirmative pleading came too late, and that the truth of the facts alleged in its plea should have been taken as admitted. The provision of the Louisiana statute quoted above, in effect, makes railroad companies liable only for negligently killing stock. Mongogna v. Ill. Central R. R. Co., 115 La. 598, 39 South. 699. But the fact of the killing, when shown upon the trial, furnishes prima facie evidence of negligence. The pleadings relied on by the appellant as the averment of the affirmative matter, and which under our statute should, in the absence of any denial on the part of the plaintiff, be taken as confessed, is merely the negation of the negligence implied in the complaint charging that the stock were killed by the appellant. The plea does not really state affirmative facts, but, in substance, denies facts. The averment that the horses came upon the track in front of the moving train, so close as to render it impossible to stop before striking them, is, in its last analysis, but the statement of conditions which negative negligence. There was therefore no occasion for the filing of a replication to this portion of the appellants' answer. Had this been done, it would have amounted simply to a denial of the truth of a denial.

[2] Our statute does not contemplate such proceeding. Moreover, it has been held by authorities which we think are entitled to much respect that, in the absence of a motion for judgment on the pleadings, the failure of either party to specifically deny affirmative matter under such circumstances will be construed as a waiver of that right. G., H. & S. A. Ry. Co. v. Pennington, 166 S. W. 464; Oil Co. v. Tolbert, 171 S. W. 311; 11 Ency. of Pl. & Pr. 1046.

[3] It is also contended that the evidence in this case shows, as a matter of law, that the appellant's servants in charge of the train which caused the injuries were not guilty of negligence. The testimony shows that the place where the killing occurred was near a bridge on the appellant's right of way; that the train was going south; and that the track for a considerable distance was perfectly straight. The engineer testified that his engine struck one of the horses on the north side of the bridge, and at a point where the track was upon a considerable embankment; that the first he saw of the animal was when it came on the track a few yards in front of his engine; that he immediately reversed his engine and did all he could to avoid a collision; that he saw only one, and did not know till afterward that another animal had been killed. The appellee testified that he followed the tracks of his horses and saw where they went onto a spur a short distance north of the bridge; that they followed the right of way along that spur to its intersection with the main line, and thence down on the main line to the point where the killing occurred; that one of the horses was killed on the north side of the bridge, and the other on the south side. This testimony tends to discredit the engineer's statement that the horses were in such a position that he could not have discovered them by the exercise of proper diligence.

We are not prepared to say that the court erred in holding that the burden imposed by the Louisiana statute upon the railway company had not been discharged.

The judgment is therefore affirmed.