TEXARKANA & FT. S. RY. CO. v. REA.
(No. 1508.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1915. Rehearing Denied Dec. 9, 1915.)

1. RAILROADS ⬥348—CROSSING ACCIDENT—FAILURE TO RING BELL — SUFFICIENCY OF EVIDENCE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, making it the duty of persons in charge of an engine to ring the bell thereof as it approaches a crossing, authorizes a finding of negligence on testimony of plaintiff that, as he approached the crossing, he listened for noises, but heard none.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. ⬥348.]

2. RAILROADS ⬥312—SIGNALS AT CROSSINGS—STATUTES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, it is the duty of persons operating a railway engine to ring the bell thereof as it approaches a public street, though the engine starts within less than 80 rods from the street.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 988–1001, 1003–1005; Dec. Dig. ⬥312.]

3. RAILROADS ⬥348—CROSSING ACCIDENT—EVIDENCE—SUFFICIENCY—SUFFICIENT FINDING ON ONE ISSUE.

Where in an action for injuries to an automobile in a crossing accident negligence of the company could be predicated on the failure to ring the engine bell, that the testimony may not have been sufficient to support findings of negli-

gence on defendant's part in other respects alleged is not a reason for reversing the judgment.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. ⊜348.]

4. RAILROADS ⊜350—CROSSING ACCIDENTS—INJURY TO AUTOMOBILE — CONTRIBUTORY NEGLIGENCE.

In an action for injuries to an automobile in a crossing accident, evidence *held* insufficient to show, as a matter of law, contributory negligence in not discovering the train in time to avoid the accident.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. ⊜350.]

5. PLEADING ⊜412—JUDGMENT ON PLEADINGS—FAILURE TO REPLY—WAIVER.

Where in a negligence case the sworn answer alleges contributory negligence, the failure to reply to such answer will be deemed waived where judgment on the pleadings was not requested, and the case was tried on the theory that the issue was in the case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1387–1394; Dec. Dig. ⊜412.]

6. PLEADING ⊜177—ADMISSIONS—FAILURE TO DENY.

Contributory negligence is not admitted under Vernon's Sayles' Ann. Civ. St. 1914, art. 1902, if construed to admit facts alleged in answer not denied by reply, by failure to deny an allegation thereof in a sworn answer, where the sworn petition in effect denies negligence on plaintiff's part.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 354, 355; Dec. Dig. ⊜177.]

Appeal from Bowie County Court; Lee Tidwell, Judge.

Action by H. W. Rea against the Texarkana & Ft. Smith Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellant's line of railway through Texarkana runs nearly north and south. While the principal business and residence parts of the city lie east of said line of railway, large parts of same, known as Rose Hill, lie west thereof. One of the most used thoroughfares between the part of the city west of said line of railway and the part east thereof is Seventh street. Said street runs nearly east and west where it crosses said railway. Appellee lived on Rose Hill. About 9 o'clock of the night of January 8, 1914, as appellee was in the act of crossing said railway, while traveling in an automobile over said Seventh street, going to his home from the part of the city east of said railway, the automobile was struck and injured by one of appellant's cars then being moved north across said street, over appellant's track, by means of a locomotive operated by appellant's employés. On the theory that appellant in so moving said car was guilty of negligence (1) in not having a watchman at the crossing to warn appellee of the approach of the train, (2) in not having a light and some person on the car as it moved towards and over the crossing to so warn appellee, and (3) in so moving the car without either ringing the bell or sounding the whistle of the engine to warn appellee

before starting same and while it was pushing the train towards and over the crossing, appellee sought by his suit to recover of appellant damages suffered by him because of the injury to the automobile, which he alleged to be the sum of $315.10. Appellant in its answer to appellee's petition denied that it had been guilty of negligence as charged against it, and alleged that whatever damage and injury appellee sustained was due to his own negligence, in that "he carelessly and negligently, and without regard for his own safety, drove upon the track, and occasioned in that way the collision," which resulted in the injury to his automobile complained of. The trial was to the court without jury, and resulted in a judgment in favor of appellee against appellant for the sum of $155.10.

C. A. Wheeler and Glass, Estes, King & Burford, all of Texarkana, for appellant. Turner, Graham & Smiths, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that the testimony did not authorize a finding that it was guilty of negligence which proximately caused the collision resulting in injury to the automobile, but demanded a finding that appellee was guilty of such negligence, and that therefore the judgment is erroneous.

[1-3] The law (article 6564, Vernon's Statutes) made it the duty of the persons in charge of the engine to ring the bell thereof as it approached the crossing. The testimony of appellee that they failed to discharge the duty authorized the finding that they were guilty of negligence. Railway Co. v. Vollrath, 40 Tex. Civ. App. 46, 89 S. W. 282. Appellee testified that as he approached the crossing he listened for noises, but heard none. The trial court had a right, we think, to conclude that appellee would have heard the bell had it been rung, and, being thus warned, would have so operated his automobile as to avoid the collision which occurred. Therefore we are of the opinion that a finding that negligence in failing to ring the bell was a proximate cause of the accident was authorized. We do not agree that the ruling made in Railway Co. v. Patterson, 20 Tex. Civ. App. 255, 48 S. W. 749, that it is not the duty of persons operating a railway engine to ring the bell thereof as it approaches a public street, "when the engine starts within a less distance than 80 rods from the street," is the law. The contrary of that ruling, and the correct one, we think, was made in Railway Co. v. Bailey, 83 Tex. 19, 18 S. W. 481, Railway Co. v. Greer, 32 Tex. Civ. App. 606, 75 S. W. 552, and Railway Co. v. Hall, 34 Tex. Civ. App. 535, 80 S. W. 135. As negligence on the part of appellant could have been predicated on the failure to ring the bell, the fact that the

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

testimony may not have been sufficient to support findings of neglence on its part in other respects alleged is not a reason for reversing the judgment.

[4] The testimony tended strongly to show that, had appellee exercised due care for his own safety as he approached the crossing, he could and would have discovered the train as it moved towards the crossing in time to have avoided the accident. But there also was testimony which tended to show the contrary—that, exercising due care, appellee nevertheless failed to discover the train in time to avoid the collision. The car which struck the automobile was the front one of several cars which the engine was pushing north over the crossing. Appellee testified that as he approached the crossing from the east, when he got to a point about 140 feet from it, he looked and saw the headlight of the engine, then standing still apparently, around a curve in the track south from the crossing. He further testified:

"I looked again, and was crossing slow when I got on the track. I was listening for noises, of course, and looked at the engine, but I heard no fuss, and proceeded to cross. As to whether or not the whistle of the engine sounded or the bell rung, no, sir. I saw the headlight of the engine. I could not see a thing between the engine and the depot at that time. Yes, sir; I looked."

Cross-examined, he said:

"I saw the headlight of the engine, but I didn't see it was moving at the time. I did not see those cars between it and the crossing. I just could not see them. This depot is right by them, and this platform, too, and I could not tell the color of a car from them. I didn't see any car. Yes, sir; there was an arc light hanging over the main line, and one of those arc lights will blind a fellow. I was right up on the track when I discovered the cars."

In view of this testimony, we think it should not be said that it appeared, as a matter of law, that appellee was guilty of contributory negligence. Reasonable minds might, we think, have differed as to whether a reasonably prudent person, having the right to expect that the bell of the engine would be ringing if it was moving, would have concluded, when he looked and listened as appellee did, and saw and heard nothing indicating that it was moving, that the engine was standing still, and that he could safely pass over the crossing.

[5, 6] The answer of appellant, charging appellee with contributory negligence as set out in the statement above, was sworn to. Because appellee did not in a reply thereto deny the charge of negligence on his part, appellant insists he was in the attitude of confessing he was guilty of such negligence. The contention is based on article 1902, Vernon's Statutes, as it was before it was amended by the act of March 22, 1915 (Gen. Laws 1915, p. 155). Appellant did not ask for judgment on the pleadings, and the cause was tried on the theory that contributory negligence on the part of appellee was an issue between the parties. It has been held that under such circumstances the failure to deny the allegation in the answer should be treated as waived. Shaw v. Thompson Bros. Lumber Co., 177 S. W. 574, and authorities there cited. And see K. C. S. Ry. Co. v. Johnson, 180 S. W. 944, decided by this court November 4, 1915, and not yet reported. But, if the statute should not be so construed, we think appellant's contention should be overruled, because of the fact that appellee in his original petition, which was sworn to, in effect, denied negligence on his part in the respects charged against him in the answer.

The judgment is affirmed.