## HOUSTON NATURAL GAS CO. v. KLUCK.

### No. 11236.

Court of Civil Appeals of Texas. Galveston.

July 17, 1941.

Rehearing Denied Oct. 2, 1941.

Sears, Blades, Moore & Kennerly, of Houston, for appellant.

C. H. Milliken, of Fort Worth, and Allen, Helm & Jacobs, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Mrs. Hattie Kluck, a widow, to recover damages growing out of the death of her husband, Emil Kluck, alleged to have been caused by the negligence of appellant, Houston Natural Gas Company.

The suit arose out of an explosion caused by an accumulation of natural gas in a.

room occupied by Emil Kluck, which was ignited by a match struck by him, causing burns which resulted in his death.

The deceased was a locomotive fireman in the employ of the Missouri Pacific Railway Company. He arrived in Houston on his regular run at about 7 o'clock on the morning of May 5, 1938, and immediately went to his room at 308 Hamilton Street. He slept until approximately 1:30 in the afternoon when he arose, and while still in his sleeping garments, struck a match to light his pipe. An explosion immediately occurred causing burns which resulted in his death at about 11 o'clock P.M. on the same day. Appellant admitted that it supplied natural gas to 308 Hamilton Street and that an explosion of this gas which had accumulated in the deceased's room caused the burns which resulted in Emil Kluck's death.

Appellee alleged that appellant was negligent in numerous particulars in failing to install, inspect and maintain proper equipment for supplying gas to the premises resulting in gas leaking from defective connections and accumulating in the upper portions of the house and that appellant was negligent in failing to odorize its gas by the use of a malodorant so that a concentration of one per cent of said gas could be detected by a person of ordinary olfactory senses.

Appellant denied all the acts of negligence alleged by appellee. It alleged that it was not responsible for the condition of the connections serving said premises with gas, and affirmatively alleged that said gas had not leaked from the alleged defective connections but that it had accumulated in the room occupied by the deceased through an open gas jet located within the room.

In answer to special issues submitted the jury found against appellee on all issues involving defective equipment and connections at 308 Hamilton Street. They found that the fire which caused the death of Emil Kluck resulted from gas which escaped from an open gas jet in the room occupied by him. They found, however, that appellant was negligent in failing to have its gas so odorized that a person of ordinary olfactory senses would detect the gas where there was a concentration of at least one per cent, and that such negligence was a proximate cause of Emil Kluck's death.

Based on the verdict of the jury, judgment was rendered in favor of appellee and against appellant in the sum of $10,500.

Appellant contends that under appellee's pleadings her cause of action is predicated upon the alleged negligence of appellant in failing to maintain proper connections and equipment in the house occupied by Emil Kluck, thereby causing gas to leak from underneath the house and accumulate in the room in which he was injured and that, since the jury found that appellant was not negligent in any of the above respects and that the gas which ignited in said room escaped from an open jet and through no negligence of. appellant, the judgment of the court was based neither upon the pleadings of appellee nor the evidence offered in support of her allegations of negligence.

It has been uniformly held that where a plaintiff seeks to recover upon several grounds of negligence and establishes by proof the right to recover upon only one of the grounds of negligence pled, the failure to establish negligence as to the other grounds relied upon does not require a reversal of the case, since a party is never required to prove all the facts alleged in his petition. Texas Utilities Co. v. Dear, Tex.Civ.App., 64 S.W.2d 807; Texarkana & Ft. Scott Ry. Co. v. Rea, Tex.Civ.App., 180 S.W. 945; Miks v. Leath, Tex.Civ.App., 26 S.W.2d 726; Ripley v. Dozier Construction Co., Tex.Civ.App., 45 S.W.2d 661.

Further, it is the settled law that a plaintiff has the right to plead, prove and have submitted to the jury inconsistent theories or grounds of recovery and he is entitled to recover on any one of them, in the event the proof is sufficient, unless the jury's findings are inconsistent or destructive of each other. Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41.

In the instant case, it is undisputed that appellant supplied the gas which accumulated in the room occupied by the deceased and that his death was due to burns received from an explosion thereof. There is no allegation or contention on the part of appellant that Emil Kluck was guilty of contributory negligence in connection with the opening of the gas jet in the room in which the explosion occurred.

Appellee's petition alleged generally an accumulation of gas in the room in which Emil Kluck was injured; that the fire which caused his death resulted from such accumulation of gas in the room and that

appellant was, on the date of the accident and for a number of years prior thereto, supplying gas to the premises. The petition alleged that the appellant was guilty of several separate and distinct acts and omissions constituting negligence, among which were the following:

"Defendant was guilty of negligence in wholly failing to comply with an order of the Railroad Commission of Texas, dated July 27, 1937, made and entered in pursuance of the provisions of Article 6053, Revised Statutes of Texas, which order required every gas company to continuously odorize its gas by the use of a malodorant agent to be introduced into natural gas of such character as to indicate by distinctive odor the presence of gas when such gas is present in concentration not greater than one per cent by volume; so that such gas shall produce an odor readily perceptible to normal or average olfactory senses of a person coming from fresh, ungasified air when gas is present not more than one part to ninety-nine parts air in cases of natural gas."

"In failing to have its gas that was supplied to its customers, particularly at the house where said deceased was burned, continuously odorized so that persons might detect any escaping or leaking gas. * * *"

"That each and all of said acts of negligence as hereinabove set forth proximately caused the injuries to and the resulting death of the said Emil Kluck."

■ The jury found upon sufficient evidence in answer to special issues numbers twelve, thirteen and fourteen that appellant had failed to have its gas being supplied at 308 Hamilton Street on the date of the accident so odorized that a person of average olfactory senses would detect leaking gas, and that such failure to so odorize was negligence and that such negligence was a proximate cause of the fire which resulted in the death of Emil Kluck. It follows that the means by which the gas escaped into the room is immaterial, and the trial court was correct in rendering judgment for appellee based upon the jury's verdict in response to above issues.

■ Appellant contends that the findings of the jury in answer to special issues numbers twelve, thirteen and fourteen are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong. This contention cannot be sustained.

There was evidence in the record to the effect that gas had accumulated in the room in which deceased sustained his injuries and the adjoining bathroom to the extent of at least 10 per cent; that deceased's sense of smell was good, and that a witness whose sense of smell was normal, who had been in the adjoining bathroom a few minutes prior to the explosion, did not detect the odor of gas. There was testimony by a city fireman to the effect that, immediately after the fire was extinguished, the gas supply was turned on in the room occupied by deceased and that he did not detect any distinctive odor.

■■ It is the settled law in this state that a jury is warranted in drawing inferences from other facts in evidence and that circumstantial evidence may form the basis of findings of fact. West v. Cashin, Tex.Civ.App., 83 S.W.2d 1001.

■ Further, the rule is well established that a reviewing court will not disturb the findings of a jury on conflicting evidence where there is some evidence to support their verdict unless the verdict is so overwhelmingly against it as to shock the conscience or show clearly that the conclusion reached was wrong or was the result of some passion, prejudice or improper motive. Phipps v. American National Ins. Co., Tex.Civ.App., 116 S.W.2d 800; El Paso Electric Co. v. Whitenack, Tex.Com. App., 1 S.W.2d 594; Commercial Casualty Ins. Co. v. Hamrick, Tex.Civ.App., 60 S. W.2d 247, affirmed, Tex.Com.App., 94 S. W.2d 421.

■ Under the above authorities this court would not be warranted in setting aside the judgment of the trial court based on the answers to said issues.

While there are other assignments presented by appellant in its brief, we think that the answers of the jury based on competent evidence, to the effect that appellant was negligent in failing to odorize its gas as required by law and that such negligence was the proximate cause of Emil Kluck's death, raise the controlling question in the case and render the remaining assignments immaterial. It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.