HOUSTON NATURAL GAS COMPANY V. HATTIE KLUCK.

No. 7922.  Decided June 24, 1942.
Rehearing overruled July 22, 1942.
(163 S. W., 2d Series, 618.)

*Sears, Blades, Moore & Kennerly* and *Geo. D. Neal,* all of Houston, for plaintiff in error.

The Court of Civil Appeals erred in holding that the answer of the jury to the effect that there was sufficient evidence to support the finding that defendants failed to odorize their gas. Cecil & Co. v. Stamford Gas & Elec. Co., 242 S. W. 536; Lone Star Brewing Co. v. Willie, 114 S. W. 186; Pearlstone-Ash Grocery Co. v. Remert Natl. Bank of Longview, 135 S. W. (2d) 559.

*C. H. Milliken,* of Fort Worth, *Allen, Helm & Jacobs,* and *Ira J. Allen,* all of Houston, for defendants in error.

On the question of the sufficiency of the evidence to support the finding that defendant did not odorize its gas to the extent required by law. Wichita Falls & Ok. Ry. Co. v. Pepper, 134

Texas 360, 135 S. W. (2d) 79; Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is an action brought by Mrs. Hattie Kluck, to recover damages for the death of her husband, Emil Kluck, alleged to have been caused by the negligence of the Houston Natural Gas Company. During the pendency of the suit in the trial court, the Houston Natural Gas Company was dissolved and all its assets and liabilities were taken over by its successor, the Houston Natural Gas Corporation. Trial was to a jury, which resulted in a verdict and judgment in favor of Mrs. Kluck for $10,500.00. Petitioner made a motion for an instructed verdict when the plaintiff rested, and it also made another such motion when both sides rested. Both motions were overruled. Petitioner objected to the submission of the special issues relating to the failure to odorize the gas, on the ground that there was no evidence to support an affirmative answer to such issues, and that an affirmative answer would be against the great weight and preponderance of the evidence. After the verdict, petitioner made a motion for judgment on the verdict, which was likewise overruled. No motion to disregard special issues was filed, and neither was a motion non obstante veredicto filed. The judgment was affirmed by the Court of Civil Appeals. 154 S. W. (2d) 504. This Court granted a writ of error.

It is undisputed that the death of Emil Kluck was caused by burns resulting from an explosion in his room in a boarding house in Houston. The principal question for determination is whether there was any evidence to support the finding of the jury that the gas company negligently failed to properly odorize the natural gas which it furnished to the premises.

Emil Kluck was a locomotive fireman. After his regular run, he returned to his rooming house about 7:00 A. M. on May 5, 1938. He cheerfully greeted Mr. and Mrs. Carter, who also resided at the house, and then went to his room, which was on the second floor of the rather old two-story frame house, to go to bed. There is no testimony as to his actions thereafter, except that he was heard to go into the bathroom a few minutes before an explosion which occurred in his room about 1:30 P. M. The bathroom was at the end of an upstairs hall,

and faced the stairs. Kluck's room was the last room at the left at the end of this hall. His door opened into the hall a few feet from the door to the bathroom. There is no evidence as to Kluck's exact position at the time of the explosion. Mr. Carter, who was in bed in a room almost directly beneath Kluck's room, testified that he had not smelled any gas; but upon hearing the explosion he had rushed into the hall, to find Kluck seated at the top of the stairs with his clothes afire. He testified that Kluck's room was in flames, but that there was no fire in the hall or in the bathroom. Carter helped Kluck down the stairs, out of danger from the fire. He said that Kluck was terribly burned, but that he was still conscious. When he asked Kluck what had happened, Kluck replied that he did not know. Kluck was then rushed to a hospital. When Mrs. Kluck arrived at the hospital that evening from Fort Worth, Mr. Kluck told her that he had struck a match in order to smoke, and that there was an explosion. He died that night without making any further statements concerning the explosion.

Mrs. Carter tesified that she was downstairs in the house at the time of the explosion. She said she had gone upstairs about fifteen minutes before the explosion occurred, to see if the windows were down in the bathroom. She said that she was able to detect the smell of gas if it was odorized, but that when she went upstairs and into the bathroom she did not smell any gas. She did not go into any other room upstairs, but returned downstairs.

When the fire department arrived at the scene, one of its men, before any of the men entered the house, turned the gas off at the main outside the house. One of the firemen testified that while he was standing by the gas jet in Kluck's room, shortly after the fire had been extinguished, the gas was turned on at the main outside the house. The fireman discovered that the jet in Kluck's room was open, because he heard the gas spewing. He went immediately to the window, and shouted to the men to cut the gas off again. He testified that the gas was not left on long, and that he could not tell whether he smelled gas or not, because there were too many odors around. He would not say whether he recognized the odor of gas, and he said he "wouldn't know" whether there was any difference in the odor before the cock was turned on and after it was turned on.

Witness Mortimer Jones, a gas expert, testified that he made examinations of the premises on the 21st and 28th of May, two or three weeks after the accident occurred. He testified that, in his opinion, there was a high per centage of gas in Kluck's room (ten per cent.), and an even greater percentage of gas in the bathroom, into which Mrs. Carter had gone fifteen minutes prior to the explosion. His opinion as to the gas in the bathroom was based on the presence of much soot on the walls. His theory was that this "carbon black" was formed because there was such a high percentage of gas in the room that combusion was incomplete for want of sufficient oxygen. He further testified that, in his opinion, several times as much malodorant should have been added to the natural gas furnished by the Company to the City of Houston, in order to have complied with the regulations of the Railroad Commission of Texas. He said that, in his opinion, from 18 to 21 pounds of Pentalarm per million cubic feet of gas should be used to properly odorize the natural gas. The Company was using less than two pounds. On the other hand, the Company produced abundant evidence that its gas was properly odorized, and that its method and manner of odorizing the gas fully met the requirements of the Railroad Commission.

It is admitted that the gas company furnished gas to this particular house; that the gas explosion occured; and that Kluck died as a result of burns received. There are no allegations that Kluck was contributorily negligent, or that he was attempting to commit suicide. Mrs. Kluck testified that Mr. Kluck's sense of smell was good, and that he was able to detect ordinary odors. In this case there is no attack on the order of the Railroad Commission which requires that gas be odorized to a certain degree.

Mrs. Kluck, as plaintiff, alleged that the gas company was negligent in numerous particulars; in that it failed to install, inspect, and maintain proper equipment for supplying gas to the premises, resulting in gas leaking from defective connections and accumulating in the upper portions of the house; and that it failed to odorize its gas by the use of sufficient malodorant, so that a concentration of one per cent. of gas could be detected by a person with an ordinary sense of smell. The gas company denied all acts of negligence, and affirmatively alleged that the gas came from an open jet in Kluck's room; and further alleged that the gas was properly odorized.

In answer to special issues, the jury found against Mrs. Kluck on all issues involving defective equipment and connections. They found that the gas which caused Kluck's death escaped from the open jet in his room. They found, however, that the gas company was negligent in failing to have its gas so odorized that a person with an ordinary sense of smell would detect the gas as where there was a concentration of as much as one per cent., and that such negligence was the proximate cause of Emil Kluck's death.

The jury had the right to consider both the direct and the circumstantial evidence introduced in the case, in arriving at their answers to the special issues submitted to them. In response to their findings, the trial judge entered judgment in favor of respondent. Both the trial court and the Court of Civil Appeals found that there was sufficient evidence to support the judgment, and we think the evidence was sufficient to raise the issue. Therefore, this case presents a question of fact, and not a question of law; and this Court is not authorized to set aside the verdict of a jury when it is supported by any evidence of a probative nature. Article 1728, Vernon's Annotated Civil Statutes; E. Frank Merrell et al v. Dorothy Hume Timmons et vir, 138 Texas 250, 158 S. W. (2d) 278; Elizabeth Shelb et vir v. Charles Sparenberg et al, 133 Texas 17, 124 S. W. (2d) 322; 11 Tex. Jur., p. 871, sec. 113.

We have carefully considered the other questions presented, and conclude that the Court of Civil Appeals correctly disposed of this case. The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 24, 1942.

Rehearing overruled July 22, 1942.