## DORSEY v. SPRINGFIELD FIRE & MARINE INS. CO. et al.

### No. 6156.

Court of Civil Appeals of Texas. Texarkana.

Feb. 22, 1945.

W. H. Barnes, of Terrell, for appellant.

Israel Smith, of Tyler, for appellee.

**92**

HARVEY, Justice.

This is an appeal from an order of the District Court of Rusk County overruling a plea of privilege. Suit was filed in the court below against M. E. Dorsey, Jr., in which it was alleged that a truck owned by him, and operated by one Lonnie Adkins, was negligently driven into a building in Rusk County belonging to D. W. Kerr with resultant damages as set out in the petition. Kerr carried insurance covering his loss, which was paid by the several companies that had issued the policies, and they brought suit against M. E. Dorsey, Jr., by virtue of an assignment from Kerr and the subrogation clauses in the policies. Plaintiffs brought suit in Rusk County on the theory that Adkins was the agent of M. E. Dorsey, Jr., and since the trespass occurred in such county it was maintainable there under Sec. 9, Article 1995, Revised Civil Statutes of Texas.

█ Appellant predicates his appeal on the proposition that the plaintiffs failed to establish the relationship of principal and agent, or of partnership, between the driver of the truck and the defendant, M. E. Dorsey, Jr., but that instead the evidence showed that Lonnie Adkins, the truck driver, was an independent contractor. In order to maintain the suit in Rusk County the plaintiffs had the burden of proving an active trespass in that county; that the defendant owned the truck involved in the collision; and that the truck driver was his agent and engaged in the furtherance of his principal's business at the time of the accident in question. Inasmuch as the trespass and the ownership of the truck were established beyond question, the only point presented for our consideration is whether or not there was sufficient evidence before the court upon which to base a finding that the truck driver was the agent of the defendant.

█ M. E. Dorsey, Jr., was called by the plaintiffs as an adverse witness under Rule 182, Texas Rules of Civil Procedure. In substance his testimony was to the effect that Adkins had rented his truck from month to month, paid the expenses, and turned over to him one-half of the net profits as payment for the use of the truck; that Adkins was neither his agent nor a partner. Bearing upon the question of the status of Adkins as the agent of Dorsey, it was developed in the evidence that a certificate of war necessity had been issued some three months before the collision to Dorsey in order to procure gasoline for the truck for the purpose of hauling feed and lumber from Hemphill to Terrell, Texas. The appellant testified that after a demand for payment of damages had been made upon him by reason of the damage done by his truck, he consulted attorneys and discussed the facts with them. These attorneys thereupon wrote a letter to appellees in which an assertion was made to the effect that "there was no negligence on the part of Mr. Dorsey's driver," and in which also a reference was made to Dorsey's "truck and lumber." In order to regain possession of the truck, Dorsey paid $200 to Mr. Kerr on the damages resulting from the accident. Another fact to be noted is that subsequent to the accident Adkins, the truck driver, nowhere makes his appearance, either to claim the lumber, explain the mishap, or to undertake an adjustment of the matter. All of these circumstances were before the court and a fact situation was presented for his determination. The trial judge was not bound by the testimony of Dorsey, an interested party, but he was at liberty to give such weight to his statements as in his sound judgment he considered proper. The court having found adversely to appellant on the issue of agency presented, with support in the evidence, his ruling cannot be disturbed on appeal, and the order overruling the plea of privilege is affirmed.