## COLLINS v. DAVENPORT et al.
### No. 11733.

Court of Civil Appeals of Texas. Galveston.

Jan. 10, 1946.

Adams & Morgan, of Crockett, for appellant.

W. C. Campbell, of Palestine, and C. C. Chessher and A. J. Hutson, Jr., both of Groveton, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellees, Janet Dilley Davenport et al., in statutory form of trespass to try title for the recovery from appellant, W. H. Collins, and A. B. Crouch and wife, of the title to and possession of a tract of 82.79 acres of land in Trinity County, Texas. A. B. Crouch and wife disclaimed any interest in the land.

Appellant · answered by a plea of not guilty, a general denial, and by special pleas of the five and ten year statutes of limitations. Articles 5509 and 5510, R.S.1925.

Two special issues were submitted to the jury, those of adverse possession by appellant of the land in controversy under the five and ten year statutes of limitation. On November 28, 1944, the jury returned its verdict finding, in response to the issues submitted, that appellant Collins had not had peaceable and adverse possession of the land in controversy for any continuous period of either five or ten consecutive years prior to the filing of this suit. The trial court took appellant's motion for judgment non obstante veredicto and appellees' motion for judgment on the verdict under advisement and on February 28, 1945, rendered judgment in favor of appellees for the title and possession of the land in controversy.

This judgment was rendered in Walker County, Texas, and was mailed by the trial judge to the clerk of the district court of Trinity County, who entered the judgment in the minutes of the district court of Trinity County. Appellant Collins duly filed his motion for new trial in which he alleged, among other grounds for a new trial, that this judgment had been rendered beyond the territorial confines of the district court of Trinity County, Texas, and was invalid.

On March 28, 1945, the trial judge in open court entered an order at Groveton, in Trinity County, Texas, vacating and setting aside said judgment on his own motion. In the court's order it was recited that both plaintiffs and defendants were present in court in person and by their attorneys and that they had "announced ready for trial". On the same day, in the district court of Trinity County, the trial court rendered a judgment in favor of appellees for the 82 acre tract of land in controversy upon the verdict of the jury. Appellant has appealed from this judgment.

Appellees relied for their title to the land in controversy in the trial of the case upon a' judgment of the district court of Trinity County rendered on September 18, 1922, wherein appellees' predecessors in title recovered judgment from A. B. Crouch for the title and possession of a tract of 160 acres of land, of which the 82 acre tract of land involved in' this suit is a part. A. B. Crouch was stipulated by the parties to be the common source of title. This judgment was not filed for record in the office of the county clerk of Trinity County until October 5, 1926.

On May 12, 1924, A. B. Crouch and his wife conveyed the 160 acres of land involved in the September 18, 1922 judgment to appellant, W. H. Collins. This deed was filed for record in the office of the county clerk of Trinity County on June 19, 1924. W. H. Collins testified that at the time he purchased this land from A. B. Crouch he had not heard of any lawsuit that A. B. Crouch had with the Dilleys (appellees' predecessors in title) concerning this land and that the consideration for the conveyance of the land was the cancellation of a debt of $1,100 or $1,200.

Under appropriate points appellant contends that the court erred in rendering judgment for appellees, for the alleged reason that the judgment appealed from is without support in the evidence and that it is contrary to the great weight and preponderance of the evidence.

■ It is the established rule in this state that an appellate court is not authorized to set aside the verdict of a jury if there is any credible evidence to support it, or unless the verdict and findings of the jury are so against such a preponderance of the evidence as to be clearly so wrong as to show passion or prejudice, or where they are in such obvious conflict with the justice of the case as to render them unconscionable. Foley Bros. Dry Goods Co. v. Settegast et al., Tex.Civ.App., 133 S.W. 2d 228, writ of error refused; Federal Underwriters Exchange v. Hinkle et al., Tex. Civ.App., 187 S.W.2d 122, and the authorities cited in these cases; 3 Tex.Jur. 1097, Sec. 768.

Appellant's adverse claim to title under the limitation statutes in this case is based largely upon the testimony of appellant, W. H. Collins, and A. B. Crouch, who was a party defendant in the suit and who warranted the title to said land in his deed to W. H. Collins. The testimony of appellant's two other witnesses has little probative value. Collins testified that he had cultivated a portion of the land in controversy and had used the balance for the pasturage of cattle since the year 1924 through his tenant, A. B. Crouch.

A. B. Crouch testified that he had occupied said land as the tenant of W. H. Collins since 1924; that he had lived on a 50 acre tract adjoining the tract for 20 years; that after he sold said land to W. H. Collins in 1924 he continued to occupy and use the land as Collins' tenant to the date of the filing of this suit; that he had cultivated a small portion of said land, approximately 4¼ acres, which was fenced with his 100 acre tract, and that he had used the balance of the land for the pasturage of livestock each year.

Appellant introduced tax receipts showing that he had rendered and paid taxes on said land before they became delinquent for the years 1924 to 1934, inclusive.

■ W. B. Chambers, a surveyor, a witness for appellees, testified that he had surveyed and made a review of the land in controversy and had made a careful examination of the fencing by which it was enclosed; that the land was not enclosed or fenced except by fences or cross-fences built by appellant Collins across the land; that the fences were of recent date and that there was no evidence of the use of the 82.79 acres of land except a new wire fence by which it was enclosed. He testified that there was a railroad crossing that entered the land, which was open with no cattle guard, so that range cattle could go on the land for pasturage at will. That with reference to cultivated land, none of said land was cultivated save a small portion, approximately 4½ acres, which was enclosed by Crouch's field fence, and that there was no evidence of the use of the balance of the land except a new wire fence.

The jury was, we think, authorized to consider this testimony with other testimony adduced in connection with the limitation issues submitted as to whether appellant had acquired a limitation title to said land under either the five or ten year statutes of limitations, and as to whether there was in the record sufficient evidence or probative force to require the trial court to find that appellant, W. H. Collins, was an innocent purchaser of said land in good faith, without notice of the unrecorded judgment rendered against A. B. Crouch at the time he purchased said land on May 12, 1924, and that he paid a valuable consideration therefor.

Appellees contend that A. B. Crouch is an interested witness to the same extent as appellant, W. H. Collins, in that he was liable to Collins on his warranty and that as such it was the province of the jury to examine their testimony in the light of all the facts and circumstances of the case, and to give such weight to the testimony as it might consider proper. Arcadia Refining Co. et al. v. Cook et al., Tex.Civ.App., 146 S.W.2d 767, writ of error dismissed, judgment correct, and cases cited. Employers' Liability Ass'n. Corp. v. Farquharson, Tenn. Sup., 188 S.W.2d 965, 966; Dorsey v. Springfield Fire & Marine Ins. Co., Tex. Civ.App., 187 S.W.2d 91.

■ Under above authorities appellant's contentions that the judgment was without support in the evidence, and that the evidence was undisputed that appellant held the superior title to said land, must be overruled.

Appellant contends that the trial court erred in rendering judgment on February 28, 1945 outside of the territorial limits of the district court of Trinity County, and in setting aside said judgment and rendering judgment on the verdict of the jury on March 28, 1945, for the alleged reason that

the court was without authority to render another judgment on the verdict. This contention cannot, we think, be sustained.

It is the established law in this state that while the trial court may not, after the term of court at which a judgment was rendered, correct what is termed a judicial error, "the power of a court to correct inadvertent judgment entries or irregularities * * * is derived from the Constitution which creates the court", and is not dependent upon legislative authority. Chambers v. Hodges, 3 Tex. 517; 25 Tex. Jur., page 530, par. 135.

In the early case of Trammell v. Trammell, 25 Tex.Supp. 261, the court said: "The court may, after the term, amend its records and judgments so far as to correct merely clerical errors or mistakes, or by adding such amended clauses in the rendition of the judgment as may be necessary to give it effect, when there is anything in the judgment by which to amend."

The above rule is followed in the case of Flannery et al. v. Eblen, Tex.Civ.App., 106 S.W.2d 837, writ of error dismissed.

In the case of Coleman v. Zapp et al., 105 Tex. 491, 151 S.W. 1040, 1041, the Supreme Court, speaking through Chief Justice Phillips, in holding that a court has the inherent power to correct a judgment by entry nunc pro tunc so as to properly recite the effect of the court's judgment, held that:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of law upon the matters at issue. Its entry is a ministerial act by which an enduring evidence of the judicial act is afforded.

"The failure of the minute entry to correctly or fully recite what the court judicially determines does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. * * *

"Hence it is that from the earliest time the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation."

Continuing, the court said: "It is as much the concern and duty of the court to have its records faithfully recite its judgments as it is to render the judgments themselves, and for that reason it is held that its jurisdiction over its records does not end with the term."

Rule 316, Texas Rules of Civil Procedure, provides that, "Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case after notice of the application therefor has been given to the parties interested in such judgment or decree, * * *."

Without attempting to pass upon the question as to whether the action of the trial court in rendering its first judgment outside of Trinity County constituted error, it was, we think, not only the right but the duty of the trial court to render what he deemed to be a proper judgment under the facts of the case as found by the jury. It is undisputed that the second judgment was rendered within 30 days after the rendition of the first judgment and at the same term of court, and that all parties at interest had reasonable notice of the court's action.

Certainly the action of the court did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

We have fully considered all other points of appeal presented in appellant's brief. None of them, in our opinion, show error in the record which requires a reversal of the judgment. The judgment of the trial court is in all things affirmed.

Affirmed.