## WALKER v. HOUSTON FIRE & CASUALTY INS. CO. et al.

### No. 12418.

Court of Civil Appeals of Texas. Galveston.

Jan. 15, 1953.

Rehearing Denied Feb. 5, 1953.

Thomas B. Weatherly, Vinson, Elkins & Weems, L. J. Clayton, all of Houston, for appellant.

Chilton Bryan, Frank J. Knapp, John L. McConn, Jr., Butler, Binion, Rice & Cook, all of Houston, for appellees.

GRAVES, Justice.

This appeal, in a suit on several fire insurance policies, by appellant against the appellees, is from a judgment in favor of the latter, of the 113th District Court of Harris County, sitting with a jury, which had answered twenty-five special issues submitted to it, by the court's finally decreeing this:

"* * * under the verdict of the jury, the defendants herein are entitled to judgment, for the reason that the Court is of the opinion and so finds that Special Issue No. 3 inquiring as to whether or not the tree was exploded out of the ground upon the occasion in

question is a material, ultimate, and essential issue, in order for plaintiff to make a recovery herein."

In other words, the trial court disregarded all other findings of the jury, which were favorable to the appellant, and rendered judgment in favor of the appellees, wholly upon its own construction that the one answer of the jury to the effect that the tree had been exploded out of the ground determined the whole controversy.

This Court holds that such action was erroneous, and requires a reversal of the judgment, and a rendition of. the cause in favor of the appellant.

■ It is well settled that the construction of a jury verdict is a question of law; see Stubblefield v. Jones, Tex.Civ.App., 230 S.W. 720 (W.R.); American General Insurance Co. v. Beare, Tex.Civ.App., 225 S.W.2d 454 (W.R.N.R.E.).

■ Not only so, but it is equally settled beyond further inquiry that the entry of a proper judgment by a trial court on the verdict of a jury is purely ministerial; Rules 300, 301 and 307, Texas Rules of Civil Procedure; Miller v. Lemm, Tex. Com.App., 276 S.W. 211.

The jury's findings on all others of the remaining twenty-four issues submitted to it fully entitled the appellant to the recovery he sought, and those inquiries, with the evidence sustaining them, made it clear that Special Issue No. 3, instead of being the controlling one, as the Court so found, was not material to the cause of action as declared upon by the appellant, upon the one hand, and denied by the appellees upon the other.

As indicated, supra, such cause of action was, upon the four insurance policies issued by the appellees, to appellant, to recover for a specific damage done to a dam structure on his property, in which he charged that, on February 22, 1949, while these policies were in full force and effect, such dam structure sustained damage proximately caused by lightning, and that, in consequence, the appellee insurance companies were each liable for the proportionate extent of such insurance so issued by each. Such companies affirmatively pled numerous

other defenses, but the principal one, below, was that flood water had been the sole cause of the damage to the dam. Both sides to the appeal, as this Court understands their briefs, concede that the trial court entered such judgment on the jury's verdict, itself, having overruled all motions to disregard any issue he had submitted to the jury; likewise, appellant's pleading was general, and not restricted to any particular theory.

■ Wherefore, the jury having answered the inquiries in appellant's favor— to the effect that the dam structure had been proximately damaged by lightning's striking a tree,—the court could not affirm such finding, and, at the same time, enter judgment in favor of the appellees, as it did do; in other words, the only proper judgment in such circumstances, was one in favor of the appellant. Rules 300 and 301, T.R.C.P., cited above, mandatorily require the court to follow the jury's verdict, except where it finds, on proper motion, that there is no supporting evidence; this declaration of the law is at length, under the full citation of supporting authorities, clearly declared in Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; see also Williams v. Wyrick, 245 S.W.2d 961; and Edmiston v. Texas & N. O. Ry. Co., 135 Tex. 67, 138 S.W.2d 526. Under Special Issue No. 2, the jury found that lightning struck the tree in question, as alleged by appellant, and, as indicated, by conclusive presumption on appeal, the evidence was sufficient to support that finding; whereas, Special Issue No. 3—the one the trial court so acted upon—inquired whether the tree was exploded out of the ground upon the occasion in question, which was submitted at the instance of the appellees, and over appellant's objection that it was immaterial, because no such right of recovery had been pled or declared upon by the appellant, since under his pleadings and his contract, he had the right of protection, if lightning proximately caused damage to the dam—that is, it did not restrict him to coverage on any exploded tree. In other words, the jury were only circumscribed in arriving at their findings from the evidence before them, by the pleadings of the parties, and the charge of the court. See

Houston Natural Gas Co. v. Kluck, Tex. Civ.App., 154 S.W.2d 504, affirmed by the Supreme Court, 139 Tex. 491, 163 S.W.2d 618; see also Ford v. Panhandle & S. F. Ry. Co., Tex.Sup., 252 S.W.2d 561.

Under the considerations stated, it seems clear to this Court that Special Issue No. 3, inquiring whether the tree was blown out of the ground, was an immaterial issue, as distinguished from an ultimate one, under the pleadings so limiting the damages to those caused by lightning. Ohlen v. Hagar, Tex.Civ.App., 212 S.W. 2d 253, writ refused, n. r. e. Wherefore, it was neither an ultimate, nor a controlling one, and should have been disregarded by the trial court. These conclusions require a reversal of the trial court's judgment, and a rendition of the cause in appellant's favor. That order will, accordingly, be entered, and judgment will here be entered in his favor, against all of the appellees, for the amounts and in the proportions prayed for by the appellant in his motion for judgment filed in the court below on October 29, 1951.

It is further ordered that this Court's several orders, heretofore made herein, relating to the filing of a statement of facts in this controversy, are hereby rescinded, since no statement of facts is necessary, under the holdings herein made.

Reversed and rendered.

CODY, J., not sitting.